## MUNTON v. RUTHERFORD.

1. PARTNERSHIP—ESTOPPEL—EVIDENCE—FORMER SUIT.
   Where two persons are sued as partners, an estoppel to deny the partnership is not shown by evidence that the defendant who seeks to deny it was joined as a co-defendant in a suit against her alleged copartner on motion of the attorney who represented the original defendant in that suit, although he appears for the contesting defendant in the later suit, where it is clear that such defendant knew nothing of the former suit, and never authorized or ratified the attorney's action.

2. SAME—NEWSPAPER ITEM—FAILURE TO DENY.
   Nor is an estoppel shown by evidence that the contesting defendant failed to publish a denial of a news item appearing in a trade paper crediting her with being a member of the partnership, in the absence of any proof that she was shown the article, assented to it, and that credit was given on the strength of such assent.

3. SAME—TRADE-NAME—FIRM STYLE.
   The mere fact that one of two persons charged as copartners did business under the trade-name "B. & Co." is not of itself, and standing alone, evidence of the existence of a partnership.

Error to Kent; Adsit, J. Submitted June 8, 1899. Decided September 27, 1899.

*Assumpsit* by John W. Munton against Martha C. Rutherford and Charles M. Beckwith, alleged copartners as Charles M. Beckwith & Co., for goods sold and delivered. From a judgment for plaintiff, defendant Rutherford brings error. Reversed.

Plaintiff, a grain dealer, residing at Morgan, Mich., sold a car load of rye to Charles M. Beckwith & Co. for $235.90, and the sale was made with Mr. Beckwith exclusively. Beckwith failed to pay, and plaintiff sued Beckwith and Mrs. Rutherford as partners, and recovered

verdict and judgment. The case was submitted to the jury upon two theories: (1) That Mrs. Rutherford was an actual partner; and (2) that, if she were not, yet she had knowingly permitted herself to be held out as a partner, and was therefore estopped to deny her liability as partner. Beckwith admitted his liability, elected not to appeal, and consented to an order permitting appellant to prosecute this writ of error separately. Mrs. Rutherford denied the partnership, and gave testimony tending to show that she was only a creditor of Mr. Beckwith, having loaned him $2,000. Plaintiff gave evidence tending to show admissions by her that she was a partner.

*McGarry & Belden,* for appellant.

*Fitz Gerald & Barry (Francis A. Stace,* of counsel), for appellee.

Grant, C. J. (*after stating the facts*). 1. Plaintiff introduced in evidence the record of a suit brought in justice's court by one Comstock against defendant Beckwith. Mr. McGarry, one of the attorneys for appellant, appeared for the defendant in that suit, and Mr. Clapperton appeared for the plaintiff. Mr. McGarry raised the point that Mrs. Rutherford should have been made a co-defendant. By stipulation, she was made a co-defendant. This testimony was introduced under objection and exception. Mrs. Rutherford had no knowledge of that suit. She did not know Mr. McGarry, had not authorized him or any one else to appear for her, and first learned about it on the trial of this cause. This testimony was incompetent, and should have been excluded. It was not an admission by her, and could not be considered as evidence of an estoppel until she had knowledge of and had ratified it.

2. Mr. Beckwith had been in the employ of one M. L. Sweet, who had been doing business under the name of M. L. Sweet & Co. He left Mr. Sweet's employ to enter the business of Charles M. Beckwith & Co. On February

12, 1896, the following item appeared in the Michigan Tradesman, a newspaper published in Grand Rapids, where the defendants resided:

"Charles Beckwith, who has managed the grain and hay business of M. L. Sweet & Co. since the death of the late D. M. Rutherford, has concluded to embark in the same business on his own account, having formed a copartnership with Mrs. D. M. Rutherford for that purpose. Mr. Beckwith is a gentleman of experience and ability, and will undoubtedly meet with the full measure of success."

Afterwards Mrs. Rutherford was informed of this article, but did not see it. She asked Mr. Beckwith to contradict it. It was not contradicted in the paper, but Mr. Beckwith issued a circular, which he testified he sent out to the trade in general, which circular announced that he would continue to conduct business under the firm name of Charles M. Beckwith & Co. The publication of the above item, which was merely an item of news, was not authorized by Mrs. Rutherford, and there is no testimony that it was authorized by Mr. Beckwith. It was not an advertisement by the firm or any one else, and was without signature. The court instructed the jury as follows:

"If you find that Mrs. Rutherford knew that her name had been mentioned in a commercial newspaper as associated with Mr. Beckwith, and composing the partnership of Charles M. Beckwith & Co., it was her duty, if she was not such partner, to see that a denial of such copartnership was promptly made, in unmistakable terms, and as fully as the publication of the partnership had been made. Failing to do this, she will be held to have acquiesced in such publication, and would be estopped from denying the existence of such copartnership, as against the plaintiff, provided he gave the firm of Charles M. Beckwith & Co. the credit of the liability in question in reliance upon the alleged facts of such holding out, and failure on the part of defendant Rutherford to publicly deny the same."

The instruction was erroneous. Mrs. Rutherford was

under no legal or moral obligation to publish a denial of this newspaper story.   Any one who saw fit to deal with Mr. Beckwith, relying on this item, did so at his peril.   If she had been shown the article, had assented to it, and credit had been given her on the strength of such assent, the rule of estoppel would have applied.   There being no evidence that she authorized or assented to it, there is no room for the application of the rule.

3. The court instructed the jury as follows:

"The fact that the business was carried on in the name of Charles M. Beckwith & Co. is evidence tending to show that Charles M. Beckwith had a partner, and that partner would be liable for the debts of the firm, whether the name was disclosed or known to the plaintiff or not at the time the debt was incurred.   A copartnership firm cannot exist of one individual."

This instruction was error.   There is no statute in this State prohibiting an individual from carrying on business under a trade-name.   *Brennan* v. *Pardridge*, 67 Mich. 449, 453; *Robinson* v. *Magarity*, 28 Ill. 423.   Plaintiff himself testified that he understood that individuals sometimes carried on business in this manner.   The use of this trade-name was therefore, of itself, and standing alone, no evidence of partnership, but was a circumstance to be considered in connection with other testimony.

Judgment reversed, and new trial ordered.

MOORE and LONG, JJ., concurred with GRANT, C. J. MONTGOMERY and HOOKER, JJ., concurred in the result.