.GENERAL TIRE & RUBBER CO. *v.* NOBLE.

1. PARTNERSHIP—DISSOLUTION—RELEASE OF RETIRING PARTNER—
UNIFORM PARTNERSHIP ACT.

Under the uniform partnership act (Act No. 72, Pub. Acts
1917, § 36), where a partnership is dissolved, one partner
assuming the partnership obligations and continuing the
business, the retiring partner is released from liability to
any creditor of the partnership who, knowing of the
agreement, consents to a material alteration in the nature
or time of payment of such obligations, but if the creditor
has no knowledge of such agreement, there is no release.

2. SAME—KNOWLEDGE OF AGREEMENT OF DISSOLUTION—QUESTION
FOR JURY.

Whether when plaintiff extended the time for the payment
of trade acceptances given by a partnership, it had
knowledge of an agreement whereby one of the partners
assumed the liabilities so as to discharge the retiring
partner from liability therefor, *held*, a question of fact
which was properly submitted to the jury.

Error to Kent; Brown (William B.), J. Submitted
February 1, 1923. (Docket No. 161.) Decided
April 27, 1923.

Assumpsit by the General Tire & Rubber Company
against Jay D. Noble and Melville R. Bissell, copart-
ners as the Grand Rapids Vulcanizing Company, for
goods sold and delivered. Judgment for plaintiff.
Defendants bring error. Affirmed.

*Laurence W. Smith,* for appellants.

*J. T. & T. F. McAllister,* for appellee.

MOORE, J. The defendants were partners at Grand

On acceptance of the note of partners assuming debts on
dissolution of firm as release of other partner, see notes in 9
L. R. A. (N. S.) 92; 48 L. R. A. (N. S.) 547.

Rapids, Michigan, in the tire business for about ten years prior to January 9, 1920, when they dissolved partnership. Mr. Noble purchased Mr. Bissell's interest and continued the business under the trade name "The Grand Rapids Vulcanizing Company." No direct notice of the dissolution was given by the partners to the plaintiff. Mr. Noble assumed the partnership debts, but this fact was not directly communicated to the plaintiff, who sold goods to the partnership. After the dissolution but before the plaintiff had notice of it the defendant Noble, who seemed to be in charge of the business, issued two trade acceptances, amounting to $7,434 each, in favor of the plaintiff. These were dated January 17, 1920, and were due, one on May 15th, and one on June 15, 1920. Mr. Noble continued to buy goods of the plaintiff after they had knowledge of the dissolution, and covered these later purchases with other trade acceptances.

On May 15th the first trade acceptance of $7,434 was paid. About the 1st of June, Mr. Noble went to Akron and told the plaintiff that he would not be able to pay the other trade acceptance of $7,434 which was coming due, and the trade acceptance of $1,232.75 which would mature on the 15th of June, covering his individual purchases. It was there arranged that these two acceptances were to be "recalled" from the banks, where they had been discounted, and Mr. Noble was to give to the plaintiff two new acceptances, one for $4,333.37, due August 15th, and one for $4,333.38 due on the 15th of September. When Mr. Noble got back to Grand Rapids he sent these acceptances to the plaintiff by mail. Afterwards and on August 15th, Mr. Noble paid the acceptance then due, amounting to $4,333.37. The other trade acceptance given June 4th, and due September 15th, was never paid and together with the old acceptance was in the hands of the plaintiff at the time of the trial. Suit was brought

by the plaintiff.   At the close of the testimony counsel for the defendants moved for a directed verdict, claiming that what was done between Mr. Noble and Mr. Fouse representing the plaintiff released Mr. Bissell from liability.   The court overruled the motion and submitted the case to the jury.   Verdict and judgment in the sum of $4,110.75 for the plaintiff were entered.   The case is here by writ of error.

Counsel for the appellants claims:

"(1) That the trade acceptances of June 4th, due August and September 15th were given and received in payment of the trade acceptance for $7,434 on which the suit was brought.

"(2) That the trade acceptances of June 4th, due August and September 15th, were forwarded to the plaintiff on condition that the old trade acceptance be returned and that consequently the retention of the new acceptances requires a surrender of the old.

"(3) That the retention of the new acceptances of June 4th, coupled with the receipt of the payment of one of them in full on August 15th is inconsistent with an existing liability on the old acceptance and that the legal result was the payment of the old acceptance."

The pivotal question in the case is stated by counsel for the appellants as follows, we quote from the brief:

"The main issue between the parties is whether this issuance by Mr. Noble and the acceptance by the plaintiff of these two new trade acceptances was a payment of the old trade acceptance of $7,434, on which the suit was brought, or whether that transaction amounted to a renewal merely so as to leave both of the partners responsible for the payment of it.   *   *   *

"The question involved in this case is whether or not there was an agreement to receive the new acceptances as payment.   The court held as a matter of law that there was no such agreement and consequently no question of fact on that issue for the jury."

It is the claim of the plaintiff that at the time the two acceptances of $4,333 were received it had no knowledge of the fact that it had been agreed between Mr. Noble and Mr. Bissell that Mr. Noble was to pay the debts of the partnership, and had no thought of releasing Mr. Bissell from the debt.

The trial judge gave the jury a long charge in which he evidently attempted to cover every phase of the case which it was proper for them to consider.

We quote some of the charge:

"By agreement between counsel, all other computations and questions have been eliminated; the defendant asks for no set-off or consideration for other items that have been mentioned here, and the plaintiff asks for no other items of recovery other than this quarter of the original $14,868, together with interest on that from June 15, 1920.

"The defense by the defendants to the claim of the plaintiff for recovery is that at the time of the dissolution of this partnership Mr. Noble agreed to pay all the debts and obligations then existing, and in consideration therefor and for some other sum besides Mr. Bissell turned over the entire assets of this copartnership to Mr. Noble. Now, no notice was given directly by the defendants or either of them to the plaintiff of this dissolution of copartnership, but notice did come to the plaintiff on the 29th of January, 1920, that these two men had dissolved their copartnership. The two trade acceptances of $7,434 each were made by Mr. Noble in the name of the original copartnership, Grand Rapids Vulcanizing Company, on the 17th of January, 1920, and this was before the plaintiff had any notice that they had dissolved. Therefore, the defendants were jointly liable upon these trade acceptances the same as though they had been issued before any attempt on their part to dissolve had been made. Now, as I say, one of these trade acceptances originally given was paid and the other was not paid, and the time for payment was extended upon it.

"Mr. Bissell claims and Mr. Noble, too, that after the plaintiff knew that they had dissolved partnership

and had sufficient facts and circumstances in hand from which they either knew or should have known, had they acted diligently and with reasonable caution, defendants claim that the plaintiff knew that Mr. Noble was continuing the business and was liable for its debts and obligations, and that Mr. Bissell was not—had an arrangement with Mr. Noble whereby Mr. Bissell was released from obligation of the co-partnership debts, and by reason of that fact, the defendants here claim that the plaintiff by extending time for the payment of his second trade acceptance dismissed Mr. Bissell from legal liability in the matter.

"The plaintiff claims that they had no knowledge and no fact or circumstances from which they could be held to know or to infer or to put them upon their guard, that there was any arrangement between these two partners who had attempted to dissolve whereby one of them became a principal to the other one a surety as to their relations towards their obligations; and that is the issue in this case for your determination from all the circumstances—yes, from all the circumstances in the case, did the plaintiff know or were they chargeable with knowing, considering what they did know, that the defendants had had an arrangement between themselves whereby Mr. Bissell was relieved from the debts of the copartnership, and in the extending of the time for the payment of this trade acceptance, and with the dealings with Mr. Noble after the dissolution, did the plaintiff in what it did have such knowledge as to this agreement of dissolution between the parties and of Mr. Noble to pay the debts and extend the time, do such acts in regard to the dealings between the plaintiff and the defendant Mr. Noble and the Grand Rapids Vulcanizing Company as to release Mr. Bissell from liability?

"Under the uniform partnership act of 1917 of Michigan, paragraph 3, section 26, it is provided that where a person agrees to assume the existing obligations of a dissolved partnership, the partner whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material

alteration in the nature of time of payment of such obligation.    *    *    *

"Unless the defendants have satisfied you by a preponderance of the evidence that the plaintiff knew of this agreement or with reasonable care and diligence prompted by what the plaintiff did know the plaintiff should have known of the agreement by Noble to pay the debts of the copartnership, then the extension of time on the payment would not release Bissell and he would be liable with Noble for the balance of this partnership debt.    *    *    *

"And in this case as between the partners Noble and Bissell with the agreement that they had that Noble should pay all the debts, the relation of principal and surety existed after the dissolution of the partnership so far as the debts of the partnership were concerned. Noble became the principal debtor and Bissell became his surety, and any creditor without the consent of Bissell who gave an extension to Noble with knowledge of the fact that Noble had agreed to pay the debts of the partnership thereby releasing Bissell from any liability to him.    *    *    *

"In determining the question of fact submitted to you as to this knowledge on the part of the plaintiff as to this agreement, you are not restricted to direct evidence of knowledge or notice on the part of the plaintiff of such an agreement, but it is within your power to say whether an honest inference from the facts that have been proved is that the plaintiff did or did not know or did or did not have notice that Noble had agreed to pay the debts of the partnership. Of course, if the plaintiff did not have knowledge that Mr. Noble agreed to pay the debts of the partnership, then the plaintiff did not waive the right to bring action against Mr. Bissell and Mr. Bissell is not released.    *    *    *

"So in this case you will determine that one question of fact, first, whether or not from the evidence in this case it is established by the defense that the plaintiff did have knowledge of the agreement between Mr. Noble and Mr. Bissell that Mr. Noble should pay the debts of the copartnership. If there was such knowledge on the part of the plaintiff, if the defense has established that fact by evidence which preponderates in favor of the defense that the plaintiff did have

such knowledge that Mr. Noble was to pay the debts of this copartnership and with that knowledge extended the time for payment of this trade acceptance of $7,434, then that act would release and discharge Bissell from liability under that trade acceptance or from liability in this suit; and if the plaintiff by such act extended the time, having knowledge of this agreement between Noble and Bissell that Noble was to pay the debts and discharge Mr. Bissell from liability, then the plaintiff cannot recover in this case and your verdict will be no cause of action.

"If the time was extended for the payment of that unpaid seventy-four hundred and thirty-four dollar trade acceptance without knowledge on the part of the plaintiff that there was an agreement on the part of Noble to pay these debts of this copartnership upon dissolution, then the plaintiff is entitled to recover. The burden is not upon the plaintiff to show that it did not have knowledge of this agreement, but it is upon the part of the defense to show that it did have knowledge of this agreement.

"As I have said and counsel have argued, the conditions in this case were quite complicated, the affairs, the accounts, but by agreement between counsel as they have argued to you, and as I have already stated to you, the issue here is whether or not the plaintiff is entitled to recover $3,717; and if, in accordance with the rules that I have given you, you find that the plaintiff is entitled to recover, your verdict will be that the plaintiff is entitled to recover for the $3,717, together with interest thereon at six per cent. from the 15th day of June, 1920, which has been computed here that the interest is $393.75, making a total of $4,110.75. Of course you do not have to take anybody's computation as to the amount of interest. You may compute it yourselves. But if the plaintiff is entitled to recover, it is entitled to recover a judgment against both the defendants in the sum of $3,717, together with interest from June 15, 1920, at six per cent."

Some of the provisions of the uniform partnership act, so-called, are germane to the case we are considering. We quote:

"SECTION 36. (Effect of Dissolution on Partner's Existing Liability.)

"(1) The dissolution of the partnership does not of itself discharge the existing liability of any partner;

"(2) A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business;

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership' who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations." * * * Act No. 72, Pub. Acts 1917, § 36 (Comp. Laws Supp. 1922, § 7966 [36]).

We think the controlling question in the case was one of fact, and that it was properly submitted to the jury.

The judgment is affirmed, with costs to the appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.