C. J. LITSCHER ELECTRIC CO. v. STILES.

1. PARTNERSHIP—NEWSPAPER ADVERTISEMENTS CARRYING DEFEND-
ANT'S NAME WITHOUT AUTHORITY DID NOT BIND HIM AS PARTNER.
   Mere publication of defendant's name without his authority
   in connection with advertisements in newspaper was not
   sufficient to bind him as partner, under the uniform partner-
   ship act (Act No. 72, Pub. Acts 1917).

2. BILLS AND NOTES—RENEWAL—ACCEPTANCE OF RENEWAL—RE-
LEASE.
   Where defendant and another signed trade acceptance, payee's
   acceptance of renewal thereof without defendant's signature
   released him from liability.

Error to Kent; Perkins (Willis B.), J.  Submit-
ted April 11, 1929.  (Docket No. 11, Calendar No.
34,101.)  Decided June 3, 1929.

Assumpsit by the C. J. Litscher Electric Company,
a corporation, against Walter B. Stiles and Henry
V. Filkins, individually and as copartners doing
business as Radiola Sales & Service Company, on
open account.  From a judgment for defendant
Stiles, plaintiff brings error.  Affirmed.

*Dunham & Cholette,* for plaintiff.

*Joseph R. Gillard,* for defendant Stiles.

POTTER, J.  Plaintiff is the general distributor for
western Michigan for the Radio Corporation of
America.  Defendant Henry V. Filkins was ap-
pointed local dealer in Grand Rapids of the products
of the Radio Corporation of America by it.  He did

business under the name of the Radiola Sales & Service Company, filed his certificate at the county clerk's office under the statute governing doing business under an assumed name, and plaintiff was so advised. It sold and delivered to the Radiola Sales & Service Company merchandise from time to time, and this suit is brought to recover a balance due for goods sold and delivered by plaintiff to the Radiola Sales & Service Company. Before this suit was tried, defendant Filkins was adjudged bankrupt, and there was judgment for defendant Stiles. Plaintiff brings error, claiming Stiles is estopped from denying he was a partner with Filkins; that under the uniform partnership act (Act No. 72, Pub. Acts 1917, Comp. Laws Supp. 1922, § 7965 [1] *et seq.*), Stiles is liable in damages; that appellant's proposed findings of fact are sustained by the evidence; and that the acceptance by plaintiff of renewals of notes and trade acceptances without Stiles' signature, on which original notes and trade acceptances Stiles was liable, did not release defendant Stiles from liability.

Defendant Stiles had been engaged in other business in the city of Grand Rapids. In 1926 his time was not all taken in his own business. He was interested in radio development and its possibilities, and subsequently acquired a broadcasting station. He was a friend of the defendant Filkins and frequently about his place of business. He loaned Filkins substantial sums of money and took his notes therefor. When around the office he answered telephone calls, prepared advertisements for the Grand Rapids papers, and in some cases these advertisements were published over the name of Radiola Sales & Service Company and indicated both Filkins and Stiles as proprietors. A contract for advertising with one of

the Grand Rapids papers was signed by the Radiola Sales & Service Company by W. B. Stiles. About the time Stiles advanced money to Filkins there was a meeting with plaintiff, and Mr. Litscher suggested that Stiles enter into a partnership with Filkins. He told Litscher there would be no partnership. No billheads, no stationery, no change in the bank account, and no sign indicated Stiles was a partner. In 1927 there was a meeting in which Litscher, Mr. Rutherford, one of the officers and directors of the company, Stiles, Filkins, and Leighton Leigh were present. A power of attorney was made and executed by Filkins to Stiles and Leighton Leigh, both and either and the survivor, giving them authority to receive and disburse funds, sign, indorse, and cash checks, and to act for Filkins in all business pertaining to finances of the Radiola Sales & Service Company until such time as its obligations to the C. J. Litscher Electric Company had been fully paid. This power of attorney was signed by Litscher and Mr. Burlingame as witnesses and acknowledged on April 29, 1927. When defendant Filkins entered into a contract with the Radio Corporation of America to become a local dealer in Grand Rapids, plaintiff was advised, and it never was advised by the Radio Corporation of America there was any change in its dealer in Grand Rapids or that any other person than Filkins constituted the Radio Sales & Service Company.

The testimony of the defendant Stiles is that he gave the newspapers no authority to affix his name to the advertisements of the Radiola Sales & Service Company as one of the proprietors. Under such circumstances, the fact such advertisements were published is not sufficient to bind him as a partner. *Munton* v. *Rutherford,* 121 Mich. 418. Plaintiff pre-

sented to defendant Filkins a bill for goods sold and delivered amounting to $2,494.11, and, under date of January 17, 1927, a draft was made by plaintiff upon the Radiola Sales & Service Company, and this was accepted by the Radiola Sales & Service Company by Walter B. Stiles and H. V. Filkins. It is claimed that, having signed this trade acceptance, defendant Stiles is bound thereon, and the trial court was in error in refusing to so hold.

The language and reasoning in *Childs* v. *Pellett,* 102 Mich. 558, warranted the statement in *Citizens' Commercial, etc., Bank* v. *Platt,* 135 Mich. 267, that "The receipt and acceptance of each renewal note and the surrender of the former note constituted a payment of the former." But in *Molsons Bank* v. *Berman,* 224 Mich. 606 (35 A. L. R. 1289), the decisions were reviewed and the rule of *Childs* v. *Pellett* and *Citizens' Commercial, etc., Bank* v. *Platt* limited to cases where the question was whether the nonrenewing maker or indorser was released from liability by his failure to sign the renewal obligation. This was the case here. Plaintiff Litscher accepted a renewal of this trade acceptance without defendant Stiles' signature. Under the facts, we think there was no error on the part of the trial court justifying a reversal of the judgment, which is affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.