WOLVERINE CIGAR CO. *v.* KNOPPOW.

1. PARTNERSHIP—DISSOLUTION—ASSUMPTION OF DEBTS—NOTICE.
   In suit against partners jointly and severally, evidence *held*, to support finding of trial court that plaintiffs were seasonably notified of dissolution of partnership and that obligations had been assumed by partner continuing business.

2. SAME—MATERIAL CHANGE IN PAYMENT OF DEBT.
   Evidence *held*, to support finding of trial court that, after dissolution of partnership and assumption of obligations by partner continuing business, there was material change in nature and time of payment thereof.

3. SAME—ASSUMPTION OF DEBTS—DISCHARGE OF PARTNER—STATUTES.
   Under uniform partnership law (2 Comp. Laws 1929, § 9876, subd. 3), where there was material alteration in nature and time of payment of partnership obligation assumed by continuing partner on dissolution, partner who withdrew is discharged from liability.

4. PAYMENT—APPLICATION OF PAYMENTS MADE WITHOUT DIRECTION.
   Payments made by debtor without direction as to application may be applied by creditors as they please, and where applied on open account, debits are discharged in order of time in which they occurred.

5. PARTNERSHIP—PAYMENT—OPEN ACCOUNT—DISCHARGE OF PARTNERSHIP DEBT.
   Where creditors of partnership, after dissolution and assumption of partnership debts by continuing partner, added new purchases to partnership debt, carrying it as open account, and credited payments, which were in excess of partnership debt, in reduction thereof, partnership debt was fully paid.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted January 7, 1931. (Docket No. 38, Calendar No. 35,110.) Decided February 27, 1931.

As to application of payments to debts assumed on dissolution of partnership, see annotation in 9 L. R. A. (N. S.) 94.

Assumpsit by Wolverine Cigar Company, a copartnership, against Knoppow & Drabkin, a copartnership consisting of Max Knoppow and Abraham L. Drabkin, for merchandise sold and delivered. Judgment for plaintiffs against defendant Knoppow. From judgment for defendant Drabkin, plaintiffs bring error. Affirmed.

*Leon Dreifuss* (*Milton B. Safier*, of counsel), for plaintiffs.

*Butzel, Levin & Winston* (*Chris M. Youngjohn*, of counsel), for defendant Drabkin.

McDONALD, J. This is a suit to recover for merchandise sold and delivered. The plaintiffs were engaged in the business of selling cigars, tobacco, and candy at wholesale in the city of Detroit. The defendants owned and operated a drug store. They became partners in the drug business in June, 1923. At that time defendant Knoppow, who had previously conducted the business in his individual capacity, owed the plaintiffs $217.41. The partnership assumed this indebtedness and continued to do business with the plaintiffs. In May, 1924, it was dissolved. Defendant Drabkin withdrew. Knoppow assumed all existing partnership obligations and continued to purchase merchandise from plaintiffs on credit until he went out of business on April 1, 1925, at which time there was owing to the plaintiffs $1,172.58. In this suit they seek to hold the partners jointly and severally liable for the entire indebtedness on the theory that they had no notice or knowledge of the partnership dissolution and of the agreement that Knoppow was to assume the indebtedness, and that they did not consent to

release Drabkin. The defendant Knoppow admits that he is liable for the amount claimed, but Drabkin contends that the indebtedness incurred before the dissolution of the partnership had been paid before the time of suit, and that he is not liable for that which afterward accrued because plaintiffs had knowledge of the dissolution and the partners' agreement in relation to their liability to creditors. The issue was tried by the court without a jury. Findings of fact and conclusions of law were filed, on which judgment for $1,172.58 was entered against defendant Knoppow, and no cause of action as to Drabkin. The plaintiffs have brought error.

The question is whether the defendant Drabkin was discharged from liability to the plaintiffs under the facts as presented in the record.

The uniform partnership law, section 36, subd. 3, Act No. 72, Pub. Acts 1917 (2 Comp. Laws 1929, § 9876), provides:

"Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations."

Did the plaintiffs have knowledge of the dissolution and of the agreement that Knoppow had assumed the payment of existing partnership obligations?

The evidence strongly supports the finding of the court that they were seasonably notified by Mr. Drabkin and Morris Winstune, Knoppow's bookkeeper. In addition to the testimony of these two witnesses, the course of dealing between the plaintiffs and Knoppow, after Drabkin's retirement, is

rather conclusive on the question of their knowledge of the dissolution. While Drabkin was a member of the partnership, the plaintiffs billed all invoices for merchandise to "Knoppow and Drabkin," and checks in payment were signed by both members of the firm. After the dissolution, all invoices were billed to Knoppow, and payments were made in checks signed by him alone. In respect to plaintiffs' knowledge, there was ample evidence to support the court's findings.

Did the plaintiffs consent to a material alteration in the nature or time of payment of the obligations assumed by Knoppow?

The record shows that during the time Drabkin was a member of the firm, payments were regularly made to the plaintiffs. These payments were by check and corresponded in amount with the invoices. They were credited to specific items of merchandise. Soon after Drabkin's retirement, Knoppow ceased to make regular remittances, and such payments as were made were not credited by the plaintiffs to specific items of goods purchased by him, but were applied to his open account in reduction of the outstanding balance, in which was included the obligation of the partnership. From this it is apparent that the plaintiffs treated past and present indebtedness as obligations of Knoppow. After Drabkin withdrew from the firm, they made a material change in the nature and time of payment of the obligation assumed by Knoppow. The court correctly so found.

In estimating Knoppow's balance from time to time, the partnership indebtedness, which was not carried on the plaintiffs' books as a separate item, was added as new purchases were made, and reduced as remittances were received. In other

words, the partnership obligation was intermingled
with Knoppow's general account. He made pay-
ments from time to time without directing as to how
they should be applied. The plaintiffs could have
applied them as they pleased. They applied them
on the open account. From these facts the trial
court held that the payments must be applied to
the debits in the order of time in which they oc-
curred, and that therefore the partnership debt had
been fully paid when Knoppow ceased to do busi-
ness with the plaintiffs. His holding is supported
by the rule announced in *Mauro* v. *Davie,* 236 Mich.
309.

The judgment is affirmed, with costs to the de-
fendant Drabkin.

WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD,
JJ., concurred. BUTZEL, C. J., did not sit.