LENGER v. HULST.

PARTNERSHIP—RELEASE OF RETIRING PARTNER—BILLS AND NOTES. Although creditors, on being notified of dissolution of partnership and assumption of its obligations by continuing partner, notified retiring partner that they would not release him, his release was effected by their renewal of partnership notes without his consent (2 Comp. Laws 1929, § 9879).

Appeal from Kent; Brown (William B.), J. Submitted June 8, 1932. (Docket No. 46, Calendar No. 36,545.) Decided September 16, 1932.

Assumpsit by August Lenger and Jacob Kool, co-partners trading as Lenger & Kool, against Ralph Hulst on alleged partnership obligations. Judg-

As to release of one partner by other partner's assumption of debts on dissolution of partnership, see annotation in 9 L. R. A. (N. S.) 90; 48 L. R. A. (N. S.) 547.

ment for plaintiffs. Defendant appeals. Reversed, and judgment ordered entered for defendant.

*Fred P. Geib,* for plaintiffs.

*Francis L. Williams,* for defendant.

NORTH, J. On the first day of December, 1928, the defendant, Ralph Hulst, entered into a partnership with Isaac Hollemans and assumed responsibility for outstanding partnership obligations. These included an indebtedness to plaintiffs. In the course of the partnership business two notes and various renewals thereof were given by the partners to plaintiffs as evidence of such indebtedness. On or about March 11, 1930, the defendant sold his interest in the partnership to Hollemans, who assumed all of the partnership debts. Notice was given of such dissolution and assumption of the firm's liabilities to plaintiffs and other partnership creditors. At that time plaintiffs were the payees on two partnership notes, one for $355.69, the other for $487.80. After dissolution of the partnership (March 11, 1930), these notes apparently were renewed each 90-day interval until this suit was brought by plaintiffs on July 29, 1931. In the meantime Hollemans became a bankrupt; but judgment was rendered against Hulst, the sole defendant, on the theory that he was still liable on these notes as partnership obligations. Defendant has appealed.

In the circuit court and also on this appeal the defendant asserts that plaintiffs are not entitled to recover against him in consequence of the provisions of 2 Comp. Laws 1929, § 9876, being section 36 of the uniform partnership act, which reads:

"SEC. 36. (Effect of dissolution on partner's existing liability).

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligation."

As stated above, after notice to plaintiffs of dissolution of the partnership and assumption of its obligations by Hollemans, plaintiffs on several occasions extended the time of payment of each of these notes. Defendant asserts this released him from the partnership obligations for which he might otherwise have been liable. As against this contention, plaintiffs claim that defendant was not released by the statutory provision because immediately upon receiving the notice of dissolution, etc., above mentioned, plaintiffs wrote to both Hulst and Hollemans as follows:

"In reply to the notice signed by Isaac Hollemans and sent to the undersigned, we wish to go on record to the effect that this company does not intend to release either of the partners  *  *  *  from the joint and several liability which they now have to pay to the undersigned company all obligations heretofore undertaken by them individually or as partners."

The circuit judge sustained plaintiffs' contention that, inasmuch as they notified defendant they would not release him, notwithstanding the dissolution of the partnership and the assumption of its obligations by Hollemans, defendant was thus placed in a position "to protect himself," and that he was not prejudiced by the subsequent renewals of the notes. We think it cannot be held that plaintiffs by serving the quoted notice could avoid the express statutory provision. Neither dissolution of the partnership

nor the assumption of the partnership obligations by Hollemans released defendant from liability on partnership debts; but he was released when without his consent or acquiescence in any way plaintiffs by renewals of each of these notes extended the time within which the obligations were payable and could be enforced, and in this manner materially altered the nature of each of the obligations.

We cannot agree with appellees' contention that the statute impaired the contract obligation of defendant to plaintiffs by changing it to one in the nature of a suretyship rather than a primary undertaking. Until plaintiffs voluntarily extended the time within which each of these notes were payable payment could have been enforced against defendant. Plaintiffs were charged with knowledge of the law, and if they saw fit to grant to Hollemans an extension of time within which payment could be made without obtaining defendant's consent or acquiescence in any way, they did so subject to the provisions of the quoted statute and thereby discharged the defendant from his former obligation. *Farmers & Mechanics Bank* v. *Kercheval,* 2 Mich. 504; *General Tire & Rubber Co.* v. *Noble,* 222 Mich. 545; *C. J. Litscher Electric Co.* v. *Stiles,* 247 Mich. 365; *Wolverine Cigar Co.* v. *Knoppow,* 253 Mich. 343.

The trial judge, who heard this case without a jury, erroneously entered judgment for plaintiff. The judgment is reversed, and the case remanded to the circuit court with direction to enter judgment for defendant. Costs to appellant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.