JARECKI MANUFACTURING CO. *v.* RAGIR.

1. APPEAL AND ERROR—MOTION FOR DIRECTED VERDICT BY BOTH PARTIES—AFFIRMANCE OF JUDGMENT.

It is the duty of the Supreme Court to affirm a judgment based upon a directed verdict, if court's decision is right in law and supported by substantial evidence, where both parties had moved for a directed verdict.

2. PAYMENT—APPLICATION—DEBTOR AND CREDITOR.

A debtor may direct the application of a payment before or at the time it is made, but if he does not do so, the creditor may apply it as he pleases, either at the time it is made or afterwards, if before any controversy arises concerning it.

3. SAME—WHEN PAYMENT WILL BE APPLIED IN ORDER OF TIME DEBITS OCCUR.

In the absence of directions of the application of a payment on the part of the debtor or application by the creditor, if the credit merely appears in the general account and there be no evidence of an understanding to the contrary, the credit will be applied to the debits in the order of time in which the debits occur.

4. BILLS AND NOTES—PAYMENTS CREDITED ON GENERAL ACCOUNT APPLIED IN ORDER OF TIME DEBITS OCCUR.

Where guarantors of an account executed a 60-day promissory note representing amount of goods purchased as of a certain

date, and subsequent payments by the debtor, which were made without direction as to application, except the words "on account," were credited on the general account and were sufficient to extinguish the debt for which the notes were given, the creditor is not entitled to sue on the note although there is a balance due on the general account, since his action in so crediting the payments must be treated as an application to the debits in the order of time in which they occurred.

Appeal from Ionia; Hawley (Royal A.), J. Submitted June 4, 1935. (Docket No. 22, Calendar No. 38,380.) Decided September 9, 1935.

Assumpsit by Jarecki Manufacturing Company, a Pennsylvania corporation, against Samuel Ragir and A. Friedman on a promissory note. Guy D. Weter, administrator of the estate of defendant Friedman, was substituted as party defendant. Directed verdict and judgment for plaintiff. Defendants appeal. Reversed, and judgment ordered entered for defendants.

*A. E. Butterfield,* for plaintiff.

*Hugh E. Wilson,* for defendant Ragir.

*Floyd W. Cone (Frank M. Donovan,* of counsel), for defendant Weter.

EDWARD M. SHARPE, J. On May 9, 1930, Samuel Ragir and Abe Friedman, having learned of the possibility of obtaining a lease of certain land in the Muskegon oil fields, leased the property known as the Moch property. On May 15, 1930, defendant Ragir signed a credit statement in the joint names of both defendants and on the same date the following instrument was signed by both defendants:

"We, the undersigned, hereby guarantee payment of any goods purchased from the Jarecki

Manufacturing Company to an amount not exceeding $2,500 according to the terms and conditions as above set forth.

"Dated: May 15, 1930.

"Signed: A. FRIEDMAN
"SAMUEL RAGIR."

On May 21, 1930, plaintiff furnished certain materials based on the credit statement and guaranty and charged the same to the defendants Ragir and Friedman. The materials so furnished were paid for on June 10, 1930. The Middle West Oil Company was latter incorporated and succeeded to the lease held by the defendants Ragir and Friedman.

The next purchase made was on June 14, 1930, in the sum of $1,755.26 and charged to the same account. Between this later date and prior to July 15, 1930, other merchandise was purchased to the value of $1,659.82 and charged as before. Thereafter other merchandise of the value of $5,576.47 was furnished and charged to Ragir and Friedman. All payments made after June 10, 1930, were made by the Middle West Oil Company or the Wellman Oil Company.

On June 14, 1930, the defendants herein executed their promissory note to plaintiff in the sum of $1,755.26 payable 60 days after date representing purchases made as of that date. Plaintiff began suit on this note April 10, 1933, and on November 10, 1934, an order was entered naming Guy D. Weter as one of the defendants, he having been appointed special administrator of the estate of Abe Friedman. At the close of the trial all parties asked for a directed verdict and the trial judge directed a verdict in favor of plaintiff for the amount of the note plus interest from the date of commencement of suit, from which verdict both defendants appeal.

Defendants claim that the items for and represented by the invoice and promissory note were paid by the application of moneys received by plaintiff, it being conceded by all interested parties that subsequent to the signing of the note more goods were purchased and more money paid than is represented by the face of the note, while it is contended for on the part of plaintiff that moneys paid subsequent to June 14, 1930, were credited to and applied upon merchandise purchased after said date. Defendants further contend that the instant case is governed by the rule as laid down in *Mauro* v. *Davie,* 236 Mich. 309, and followed in *Wolverine Cigar Co.* v. *Knoppow,* 253 Mich. 343.

"Both parties having moved for a directed verdict, it is our duty to affirm if the court's decision is right in law and supported by substantial evidence." *Barden* v. *A. Heller Sawdust Co.,* 240 Mich. 549, 552.

See, also, *Peninsular State Bank* v. *First National Bank,* 245 Mich. 179; *Culligan* v. *Alpern,* 160 Mich. 241; *Germain* v. *Loud,* 189 Mich. 38.

In *Mauro* v. *Davie, supra,* we said:

"The law relating to the application of payments is well settled in this State. The debtor may direct the application before or at the time the payment is made. If he does not, the creditor may apply it as he pleases, either at the time the payment is made or afterwards, if before any controversy arises concerning it. In the absence of direction on the part of the debtor or application by the creditor, if the credit merely appears in the general account and there be no evidence of an understanding to the contrary, the credit will be applied to the debits in the order of time in which the debits occur."

From an examination of the record we find that at no time did either defendant direct the applica-

tion of any payment upon any particular debit, but a check in the sum of $500 signed by the Middle West Oil Company and dated July 23, 1930, payable to plaintiff contained the words "on account." This check is the only direction of the application of payments made. While on the part of the plaintiff, we find from the ledger account that the first purchase of $517.90 was made on May 21, 1930, and paid for on June 10, 1930, and the account was balanced. The next purchase was made on June 6, 1930, and other purchases were made upon different occasions throughout the balance of the year, while the next payment was made on July 24, 1930, in the sum of $500 and another $500 was paid on August 11, 1930. The record shows that both of these payments were posted in the ledger opposite the June purchases and there is nothing to indicate that they were payments for purchases made during July and August and further we find that September and October payments were posted opposite August purchases. However, opposite the June, July, August and September purchases we find notations in pencil indicating the balance due on the account for each month. Nor is the testimony of C. D. Shacklette, credit manager of plaintiff company, very helpful; upon cross-examination he stated, "That $500 in July and this August item was *probably* paid against items in August which we carried in August." These facts and circumstances in our opinion indicate that plaintiff company made no specific application of the funds received, and consequently the cause is governed by the rule laid down in *Mauro* v. *Davie, supra,* which is that, where before a controversy there is a failure on the part of either debtor or creditor to designate which items are to be credited with payment then the credits must be applied to the items of debits in the order of time in which

debits occur until the items of credit have been exhausted. The ledger sheet shows more than enough credits to discharge the item of $1,755.26, evidenced by the note sued upon, if properly applied.

The judgment is reversed and remanded with direction to enter judgment for defendants. Costs to defendants.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.