MOCH *v.* JARECKI MANUFACTURING CO.

1. PAYMENT—WHEN APPLICATION IS MADE IN ORDER OF TIME DEBITS OCCUR.

In the absence of directions of the application of a payment on the part of the debtor or application by the creditor, if the credit merely appears in the general account and there be no evidence of an understanding to the contrary, the credit will be applied to the debits in the order of time in which the debits occur.

2. SALES—TITLE-RETAINING NOTES—APPLICATION OF PAYMENT.

Where purchases of personal property were made under title-retaining contracts and payments were made on open account without application by direction of either debtor or creditor, application is made in order in which debits occurred and passes title to property represented by such notes as are paid, inclusive of interest at time payments are made.

3. SAME—TITLE-RETAINING NOTES—REPOSSESSION.

Seller's repossession of part or all personal property sold under a title-retaining note extinguishes the indebtedness on the note, title to balance remaining in buyer's possession being in the seller.

4. SAME—CONDITIONAL SALE—TRANSFER OF POSSESSION TO THIRD PARTY—STATUTE OF LIMITATIONS.

Defendant seller of drilling equipment under title-retaining contracts who thereafter permitted plaintiffs, transferees of possession, to retain same under an agreement with defendant to make payments on the contracts, would have a right to repossess equipment sold under such contracts which have not become unenforceable because of failure to make payments within the period of the statute of limitations (3 Comp. Laws 1929, § 13976).

5. SAME—ELECTION OF REMEDIES—NEW PROMISE BY TRANSFEREE OF POSSESSION OF BUYERS UNDER CONDITIONAL SALES CONTRACT.

Seller of drilling equipment under title-retaining contracts who instituted action on such notes did not thereby make an election

of remedies which precluded it from proceeding for repossession against plaintiffs who had succeeded to the possession of the equipment and subsequent to such action had agreed to assume and make payments in accordance with the conditional sales contracts.

6. PAYMENT—TITLE-RETAINING NOTES—REPOSSESSION—APPLICATION OF CREDITS.

Payments made on account after extinguishment of obligation under title-retaining notes by repossession of goods which had been sold thereunder are subject to credit on remaining title-retaining notes.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted October 19, 1939. (Docket No. 151, Calendar No. 40,627.) Decided February 14, 1940.

Bill by Michael Moch and others against Jarecki Manufacturing Company, a Pennsylvania corporation, and Clifford D. Kidder to restrain the removal of oil well operating equipment and for other relief. Cross bill by defendant Jarecki Manufacturing Company against plaintiffs to clear title to personal property, for an injunction and other relief. Default of defendant Kidder entered. Bill dismissed and decree for defendants on cross bill. Plaintiffs appeal. Modified and remanded.

*Alexis J. Rogoski,* for plaintiffs.

*Lou L. Landman,* for defendant Jarecki Manufacturing Company.

McALLISTER, J. Plaintiffs are the owners of land which they leased for oil and gas purposes in May, 1930, to Samuel Ragir and Abe Friedman. Among other provisions the lease stipulated that the lessees had the right to remove all machinery and fixtures placed on the premises, including the right to draw and remove casing. Thereafter the lessees pur-

chased from defendant company drilling equipment, totalling approximately $13,000, on their own account and for a concern in which they were interested, on contract, reserving title to defendant, evidenced by title-retaining notes. The lessees further personally guaranteed the payment of a certain sum on such title-retaining agreements.

Through assignment the Middle West Oil Company succeeded to the lease rights of Ragir and Friedman. But in October, 1931, plaintiffs filed a bill to forfeit the lease as against the oil company. No appearance was entered for defendant company herein, and on February 2, 1932, plaintiffs took a decree of forfeiture.

Prior to the decree of forfeiture plaintiff Matthew Moch secured a lease from the other plaintiff owners and, in continuation of the development of the property for oil and gas purposes, executed an oil lease to the Shoup Oil Company. On the execution of such lease, the defendant company entered the transaction and agreed to permit the use of its equipment by such leasing company in consideration of the payment of a percentage of the production of the oil wells to apply on the title-retaining notes. By August, 1934, the Shoup Oil Company had abandoned the premises and, at that time, Matthew Moch began operating the wells. Defendant company then entered into an agreement with Matthew Moch permitting the use of its equipment and property in consideration of payments on the notes. These payments finally ceased, and, upon notice from defendant company that it intended to repossess the property, plaintiff owners filed a bill to restrain defendants from such proceedings and asked the court to decree title of the property in themselves. Defendant Kidder has no interest in this case, and default was entered against him for want of appearance.

On the trial, the circuit court dismissed the bill of complaint, and on the cross bill awarded the defendant company the property with right to repossess.   Plaintiffs appeal.

It is the contention of plaintiffs that defendant is barred by the statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) from claiming under the title-retaining notes; that the agreement of Matthew Moch to pay the balance due on the equipment was a new agreement which operated to discharge the right of removal clause in the original notes; that defendant lost its right to repossess because such right was not exercised within a reasonable time; and that a previous suit brought by defendant against Ragir and Friedman on the title-retaining notes, which was heretofore adjudicated and in which action defendant failed to prevail, was an election of remedies by which defendant lost its right to repossess the property.

In its determination of the present case, the trial court found that the suit did not involve equipment to which plaintiffs are entitled by virtue of purchase and payment thereof by parties who had previously acquired title thereto.

On examination of the record, we are of the opinion that a portion of the equipment sought to be repossessed was in fact paid for by previous lessees. With regard to such equipment, defendant has no valid claim.   The property in question in this case was originally sold by defendant at various times to Ragir and Friedman and to the Middle West Oil Company. The different purchases were each represented by title-retaining notes, specifically enumerating the property sold on each occasion.   Several successive payments, totaling $4,559.99, were made on account.   The aggregate amount of the indebtedness on all of the notes with interest totals

$12,932.59. No direction of the application of the payments on the part of the debtors, or application thereof by the creditor, appears to have been made. All payments made were on the general account.

In *Jarecki Manf'g. Co.* v. *Ragir*, 272 Mich. 689, involving certain of the equipment in this case, it was held that in the absence of directions for the application of a payment on the part of the debtor, or application by the creditor,—if the credit merely appeared in the general account and there was no evidence of an understanding to the contrary,—the credit would be applied to the debits in the order of time in which the debits occurred. Pursuant to such rule the payments made by Ragir and Friedman, or the Middle West Oil Company, or the Shoup Oil Company, on the account of defendant, must be so applied to the successive notes or debits in this case. Such applications would include interest on the said debits as of the time such payments were made. When any such title-retaining note, upon the above-stated application of payments, has been so paid, all right and title of defendant to any property, covered by retention of title in such note, is extinguished.

It further appears that defendant reclaimed certain property previously sold on retaining title, as provided in the note or notes covering such property. If such repossessed property included equipment covered in one or more of the title-retaining notes, the indebtedness on such note or notes was extinguished by such repossession. Defendant had only the option to retake the property or enforce payment of the note; and could not repossess property covered by such note and still enforce payment thereof. If it repossessed part of the equipment covered by the note, such action would extinguish the indebtedness of such note; and the balance of the property, described in such note, would belong to

defendant, the election to repossess such equipment having been made. In such a case, the entire obligation of the title-retaining note or notes, representing and covering such equipment which was repossessed, would be extinguished. Any payments on account, therefore, made after such repossession, would be credited on the succeeding title-retaining notes in order of the time of their execution.

The trial court found as a matter of fact that, at the time of the forfeiture of the Ragir contract, not that it was agreed that plaintiffs were to pay the balance on all the notes, but that "plaintiffs were allowed possession of the property in question and continued to hold such possession *under a definite agreement with defendant to make payments on the conditional sales contracts.*"

We are satisfied, upon a review of the evidence, that such finding was correct. The trial court, however, found further that defendant has the right to repossess such property without recourse to the original sales contract. Such conclusion of law we believe to be anomalous in view of the finding on the facts. While it does not appear that plaintiffs secured an assignment of Ragir's contract for the purchase of the equipment from defendant, nevertheless plaintiff succeeded to all rights under such contract by virtue of an agreement with defendant to retain possession and make the payments *on the conditional sales contracts*. There was a resultant new agreement on the part of plaintiffs to continue and carry out the terms of the contract of the lessees. Payments on such agreement, as found by the court, have been made within the period of limitations, and plaintiffs' claim that action is barred under the statute is not tenable.

With regard to plaintiffs' contention that defendant, by its suit on the Ragir notes, made an election

of remedies and cannot now repossess under its title-retaining contract, it is sufficient to say that the court's finding that, subsequent to such suit, plaintiffs agreed to assume and make payments in accordance with the said conditional sales contracts, disposes of this claim.

We have examined the other questions discussed in the briefs and find them unimportant to our determination.

From the foregoing, it is our conclusion that:

(1)   Payments for equipment made on account by Ragir and Friedman, the Middle West Oil Company, and the Shoup Oil Company are to be applied against the title-retaining notes in the order of the time in which the notes were executed.

(2)   Where such payments have balanced the amount set forth in any title-retaining note in the manner above-specified, together with interest due thereon, at the date of such a payment, the said obligation is extinguished and defendant has no further claim to any equipment covered by such note.

(3)   Whenever any equipment has been repossessed, the notes covering the same or any part thereof are extinguished; and if a part of the equipment covered by a note has been repossessed, the balance of the property described in such note belongs to defendant.

(4)   In case of extinguishment of any title-retaining note by repossession of the equipment or a part of the equipment described therein, any payments on account theretofore made and credited, in accordance with the foregoing, on such note are not to be applied against the remaining notes; but all payments thereafter made on account are subject to credit on the remaining notes in the order of the time of their execution.

The case is remanded to circuit court for the taking of further proof and the entry of a decree not inconsistent with this opinion. Plaintiff will recover costs.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and BUTZEL, JJ., concurred with McALLISTER, J. WIEST, J., concurred in the result.