277 P.2d 816

C. A. DAVIS, d/b/a C. A. Davis Co., and Charles Mont Mahoney, Stanford Mahoney, and J. J. Mahoney, d/b/a Red Cedar Mill Company, a copartnership, Plaintiffs and Respondents,

v.

Lavell KEMP and Bryce Cheney, d/b/a Lost River Sawmill Company, a copartnership, Defendants and Appellants.

No. 8148.

Supreme Court of Utah.

Dec. 9, 1954.

Moss & Hyde, Salt Lake City, for appellants.

McBroom & Hanni, Salt Lake City, for respondents.

WADE, Justice.

This is an appeal from a judgment in favor of C. A. Davis and the Red Cedar Mill Co., a partnership, plaintiffs and respondents herein, for a balance due on money loaned by them to the Lost River Saw Mill Co., a partnership composed of Lavell Kemp and Bryce Cheney, defendants and appellants herein.

The facts are that in September, 1950, respondents were anxious to find sources for obtaining rough-cut lumber for the Cedar Mill Company's mill. They learned that appellants could be such a source of supply and needed more money to buy a larger tractor to handle the logs for their saw mill. Respondents contacted appellants and the money involved in this suit was loaned to them to apply on the purchase of such a tractor. Appellants agreed to repay this sum by paying half in cash and half in sufficient rough-cut lumber to pay the debt, $1,600, within two months. Appellants paid back $287 and thereafter made no further payments. That same fall of 1950, appellants decided to dissolve their partnership and Kemp agreed to wind up the partnership business and find a purchaser for it. The business was sold to one G. E. Blackburn in June, 1951. Some time in the spring of 1952 a meeting was arranged by Kemp at his home, at which he, the purchaser and respondents were present. At this meeting Kemp requested the purchaser, who owed him money, to pay the respondents the debt due them by appellants. This arrangement was satisfactory to respondents. The purchaser agreed to deliver 17,000 feet of lumber to be delivered in May and June of 1952. No lumber was delivered and upon inquiry by one of the respondents, the purchaser informed him that because of difficulties with the planing machine, he was unable to get the lumber but would deliver it the next month. No lumber being de-

livered or other payment made, this suit was commenced.

Appellants contend that they were discharged from their obligation to respondents upon dissolution of their partnership under the provisions of Sec. 48–1–33(3), U.C.A.1953, because the purchaser of their business had assumed its obligations and that respondents with knowledge of this agreement by the purchaser to assume the obligations consented to a material alteration in the nature and time of payment of the debt due. Portions of that section read as follows:

"(1) The dissolution of a partnership does not of itself discharge the existing liability of any partner.

"(2) A partner is discharged for any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and person or partnership continuing the business.

"(3) Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations."

In support of this contention, appellants cite Lenger v. Hulst, 259 Mich. 640, 244 N.W. 187, in which under a statute similar to subsection (3) set out above, the Michigan Supreme Court held that the renewal of promissory notes extending the time of their payment by the payee of a partnership debt without the acquiescence or consent of the original debtor to one who had assumed the partnership debts, was a material alteration of the nature of the obligation and therefore under the provisions of their act discharged the original debtors of any liability to their creditor.

Granted that the above holding is good law and accords with the intent of the statute to release from liability a debtor under the circumstances described therein, the facts in the instant case are different. Here, Kemp, who was acting for the partnership in winding up its affairs, was present at the meeting at which it was arranged the purchaser was to deliver 17,000 feet of lumber to pay off the partnership debt. He not only consented to that arrangement, he invited it. Although Kemp testified the arrangement was made because the purchaser had assumed the debts of the partnership and respondents had consented to look to him for payment, the respondents denied this and testified that they were merely anxious to get paid and since the purchaser owed the partnership money, they were willing to have the payment made to them

in the manner suggested by Kemp, not because the purchaser had assumed the debts of the partnership, but rather as a matter of convenience to Kemp. They were interested in collecting their debt from the partnership. When the purchaser failed to make the deliveries as promised they had no alternative but to wait. The written agreement of sale of the partnership which was introduced in evidence did not contain a provision for the assumption by the purchaser of the partnership's obligation to respondents. The court as the trier of the facts, found that the purchaser had never agreed to assume the partnership's obligation to respondents and that respondents had not agreed to release the partnership of its liability to them unless and until the lumber was delivered to them as promised, at which time it was to be accepted in payment of the partnership obligation. From the facts we have outlined above, the court as the trier of the facts, could reasonably find as it did.

Under the plain wording of our statute there must be an assumption of liability by a third person of the partnership obligation if they are to be discharged of their liabilities under the circumstances stated therein. There being no such assumption of liability by a third person, whether respondents' consent to accept the lumber at a later date than that contemplated at the meeting of all the parties was a material alteration of the time of payment is immaterial, the statute clearly providing

that it is only where there has been an assumption of liability by a third person that a material alteration of the time of payment, when not consented to by the original obligors, discharges such obligors. The court therefore did not err in granting judgment to respondents for the amount due them. Affirmed, costs to respondents.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.