SAMUEL L. CROCKETT AND EDMUND J. HOPPINS v. EDGAR C. BEARCE AND THE WESTERN BEEF & PROVISION COMPANY.

*Findings of fact—Amendments—Landlord and tenant—Chattel-mortgage clause in lease—Suit by lessor—Damages—Unfiled mortgages.*

1. Where the findings of fact support the judgment, and the testimony as to certain matters covered by proposed amendments is conflicting, it will be presumed that the court refused the amendments because they were not warranted by the testimony.

2. A lessee, who held under an unfiled chattel-mortgage lease, mortgaged the property covered by this clause of the lease. The mortgage was withheld from record. After the mortgage and the lease had been filed, the lessee gave the mortgagee a second mortgage upon the same property, containing a recitation that it was subject to the former mortgage and to the lease. And it is held that, the second mortgage being expressly subject to the lease, the rights of the lessors as creditors, to the extent of the rent which had accrued between the time of the execution and of the filing of the first mortgage, are superior to the rights of the mortgagee.

104 MICH.—17.

3. The mortgagee sold the property under the second mortgage, subject to the first mortgage. The lessors sued the mortgagee in case for depriving them of the right to take and sell the property to satisfy the amount due on the lease. The court found that the mortgages were made and used in pursuance of an agreement between the lessee and the mortgagee that they should be used to defraud the lessors of the amount due them for rent under the lease. And it is held that it is unnecessary, under this finding, to discuss the question raised by the mortgagee that the mortgage clause in the lease conveyed no present interest in the property, but was a mere naked power, and not a mortgage;[1] that, if the mortgages were given and taken for the purpose of defrauding the lessors, they have lost their right to exercise the power and make their claim through a fraud to which the mortgagee was a party; that their right of action accrues, not by virtue of their interest in the property, but by reason of their being fraudulently deprived of a right, to their damage.

4. The court found that the mortgagee took possession of the leased premises, and retained the same for a number of days, to the exclusion of the lessors, and awarded the lessors damages on account of such occupancy. And it is held that the lessors were entitled to compensation for such use and occupation of the leased premises by the mortgagee, and it was proper to allow them to recover for the same in said suit.

Error to Kent.   (Grove, J.)   Argued February 14, 1895. Decided February 26, 1895.

Case.   Defendants bring error.   Affirmed.   The facts are stated in the opinion.

*Sweet & Perkins,* for appellants.

---

[1] Said provision reads as follows: " And the said party of the second part doth hereby covenant and agree that all goods, wares, merchandise, household furniture, fixtures, or other property which are or shall be placed in or on said premises by him shall be liable, and this lease shall hereby constitute a lien or mortgage on said property, to secure the rent due, or to grow due, on this lease." It is further provided that, in case of default, the lessors may take possession of the property, and sell it in the same manner as in the case of a chattel mortgage, etc.

*Maher & Salsbury,* for plaintiffs.

McGRATH, C. J.  Plaintiffs leased certain premises to one Fysh.  The lease contained a provision that the goods and chattels placed in the premises should be liable, and " this lease shall hereby constitute a lien or mortgage on said property to secure the rent due, or to grow due, on this lease."  Fysh subsequently gave a chattel mortgage for $829.50 to defendant Bearce on the aforesaid property, and some months afterwards Fysh gave a second mortgage to Bearce.  When the second mortgage was given the lease aforesaid had been filed in the clerk's office, and the mortgage recited that it was subject to the former mortgage and to the lease aforesaid.  The goods were taken under the second chattel mortgage, sold subject to the first chattel mortgage, bid in by defendant Bearce, and then sold at private sale by him to other parties.  The plaintiffs' declaration is in case, and alleges plaintiffs' right to take and sell the goods for the purpose of satisfying the amount due them under the lease, and that defendants, well knowing the premises, and combining and conspiring with Fysh to injure and defraud plaintiffs, and to prevent them from collecting the amount so due, wrongfully entered upon said premises, and held possession of the same, and took said property, and removed and fraudulently converted the same to their own use.  The court found that the terms and conditions of said lease were fully understood by the defendants at the time it was made.

Defendants insist that under the rule laid down in *Holmes v. Hall,* 8 Mich. 66, and *Dalton v. Laudahn,* 27 Id. 529, the stipulation in the lease conveyed no present interest in the property, but was a mere naked power, and not a mortgage.  The second mortgage must, however, be held to have been given subject to the exercise of the power.  The first mortgage was executed March 8, 1893,

and was not filed until July 17, 1893, during which time the principal portion of the indebtedness to plaintiffs accrued. Plaintiffs' rights as creditors, to the extent of the indebtedness accruing during such period, would be superior to those of the defendants.

The court has, however, found that both of these mortgages were made and made use of by defendants in pursuance of an understanding and an agreement between defendants and Fysh that they should be used to defraud plaintiffs of the amount due to them as rent under the lease. In view of this finding, it is unnecessary to discuss the question raised. If the mortgages were given and taken for the purpose of defrauding plaintiffs, they have lost their right to exercise the power and make their claim through a fraud to which defendants were parties. The right of action accrues, not by virtue of plaintiffs' interest in the property, but by reason of being fraudulently deprived of a right, to their damage. There was evidence tending to support that finding, and we cannot disturb it.

Certain amendments were proposed to the findings, wherein the court was requested to find that the plaintiffs agreed, for and in consideration of $50, a part of which was paid by defendant Bearce, to execute the lease without a chattel-mortgage clause therein; that afterwards, without the knowledge or consent of defendants, the lease was executed, embracing said mortgage clause, and that plaintiffs agreed with Fysh that said clause was not effectual, and would not be enforced; that, after the filing of the first mortgage, plaintiffs agreed, in consideration of the execution of certain notes and a mortgage to plaintiffs upon certain real estate in Manitoba by Fysh, to execute a release in full of their claims against him, and, although said notes and mortgage were executed and held subject only to the execution of the release, plaintiffs refused to execute the release; and, further, that plaintiffs expressly

authorized defendants to proceed to foreclose said second mortgage, and to take possession and sell the property thereunder, waiving all rights under the clause in the lease. The court refused to find as requested. Upon these questions the testimony was in conflict. The findings support the judgment. The presumption is that the court refused to find as requested because the testimony did not warrant such finding. The request was not general, but was for a specific finding with defendants. A finding against them would not have availed them.

The court further found that defendants took possession of the premises in question, and held possession of the same for 12 days, and excluded the plaintiffs therefrom; and assessed damages in favor of plaintiffs, by reason of such occupancy, in a given sum. Plaintiffs were entitled to compensation for the use and occupation of the store by defendants. Such occupancy was directly associated with the other wrongs, and there is no reason why plaintiffs should be driven to a second suit to recover for such use.

We find no error in the record, and the judgment is affirmed.

The other Justices concurred.