### FIRST NATIONAL BANK OF NILES v. SHUE.

1. BILLS AND NOTES—BONA FIDE HOLDER—COLLATERAL SECURITY.
   One who receives negotiable paper, before maturity, as collateral security to a loan then made, without notice of any infirmity in the paper, is a *bona fide* holder.

2. APPEAL—REVIEW—HARMLESS ERROR—QUESTIONS NOT RAISED BELOW.
   The court cannot affirm a judgment on the ground that an erroneous instruction on one of the questions in the case was, in view of other questions, without prejudice, where the record does not purport to contain all the evidence, and there is nothing to indicate that such other questions were presented in the trial court.

Error to Bay; Maxwell, J.    Submitted January 24, 1899.    Decided March 23, 1899.

*Assumpsit* by the First National Bank of Niles against John Shue and Hattie E. Shue upon a promissory note. From a judgment for plaintiff for less than the amount claimed, it brings error.    Reversed.

This is a suit upon a promissory note dated August 22, 1894, for $85, payable to J. C. Newman or order, at the Second National Bank, Bay City, made by the defendants, who are husband and wife.    The note is indorsed in blank on one end by J. C. Newman.    On the opposite end of the back of the note is the following: "If one-half

of this note is paid when due, an extension of six months
will be given on balance of note." Upon the trial it was
conceded that the defendant Hattie was not liable. One
Louis Newman, a brother of J. C. Newman, obtained a
loan of $2,000 at the plaintiff bank, and turned over to it,
as security, this note and other similar notes, amounting
to $5,900. Both Newmans are and were at the time non-
residents of the State. The note was obtained by one
Watson, the agent of J. C. Newman, who traveled over
the country selling dry goods and other merchandise.
The note was transferred by Louis Newman to the plain-
tiff before due. The defense is that the note was obtained
by fraudulent representations, which it is immaterial to
state. The cashier of the bank testified that no officer of
the bank had any notice or knowledge of the defense to
this note at the time it was transferred to it. Louis New-
man did not testify. The deposition of J. C. Newman
was taken, wherein he testified that he indorsed the note,
but he does not testify to receiving any consideration from
Louis Newman or any one else, nor does he testify that
he transferred the note to Louis. Defendant Shue ad-
mitted that he received goods as a part of the considera-
tion of this note to the amount of $31, but claimed a want
of consideration for the balance. The court directed a
verdict for the plaintiff for this conceded amount, but sub-
mitted to the jury the question whether any further
amount was due. The jury rendered a verdict for $31
and interest.

*Frank S. Pratt*, for appellant.

*J. E. Kinnane* and *L. McHugh*, for appellees.

Grant, C. J. (*after stating the facts*). The court
below instructed the jury that plaintiff could recover only
the amount actually due upon the note, and that it could
not recover for that part of the note for which there was
no consideration "until it acquired the whole property,

and became a *bona fide* purchaser," This is the sole question presented by the plaintiff, and on which it seeks a reversal of the case. The court was in error. A party receiving negotiable paper, before due, as a collateral security to a loan then made, without notice of any infirmity in the note, is a *bona fide* holder, and will be protected. *Williams* v. *Keyes*, 90 Mich. 290 ( 30 Am. St. Rep. 438 ); Coleb. Coll. Sec. § 4; *Railroad Co.* v. *National Bank*, 102 U. S. 14; *Helmer* v. *Commercial Bank*, 28 Neb. 474.

It is, however, urged on the part of the appellees that, although the court may have been in error in this charge, yet upon the entire record the defendants were entitled to a verdict. There is nothing upon the record to indicate that these questions, now presented, were raised in the court below. The record does not purport to contain all the evidence. We cannot, therefore, affirm the case upon the ground that the charge of the court was error without prejudice. *Wierengo* v. *Insurance Co.*, 98 Mich. 621.

Judgment reversed, and new trial ordered.

The other Justices concurred.