PEOPLE, *for Use of* C. H. LITTLE CO., *v.* GRANT.

1. PAYMENT—APPLICATION—TIME FOR MAKING.
   Though a debtor may designate to which of several accounts a payment shall apply, in the absence of such designation the creditor may make the application at any time before suit.

2. SAME—ELECTION.
   Where credit for a payment is entered on a general account, and a statement thereof rendered to the debtor, this is an election to apply the payment to the extinguishment of items antecedently due in the order of time in which they stand in the account, and the creditor cannot thereafter make another application.

Error to Wayne; Frazer, J. Submitted November 30, 1904. (Docket No. 260.) Decided January 30, 1905.

Assumpsit by the people of the State of Michigan, for the use and benefit of the C. H. Little Company, against James Grant as principal, and Julius Porath and John A. Mercier as sureties, upon a statutory bond. There was judgment for plaintiff on a verdict directed by the court, and defendants bring error. Reversed.

*John E. Moloney*, for appellants.

*Willard E. Warner*, for appellee.

MONTGOMERY, J. This is an action of assumpsit, brought in the name of the people of the State of Michigan, for the use and benefit of the C. H. Little Company, a corporation, against James Grant as principal, and Julius Porath and John A. Mercier as sureties, upon a statutory bond, under the provisions of Act No. 94 of the Public Acts of the State of Michigan for the year 1883, and the amendments thereto, given in connection with a contract made between the city of Detroit and James Grant on the 16th day of August, 1901, for the repaving

of an alley in said city of Detroit, known as "Alley No. 45," between Beaubien, St. Antoine, Congress, and First streets. Upon this job the plaintiff company furnished materials to the amount of $130.83.

During the paving season of 1901 defendant James Grant entered into eight contracts with the city of Detroit, seven for the paving of streets and alleys and one for the building of two sewers. The first contract was entered into on the 19th day of June, 1901, and the last contract on the 15th day of October, 1901. Most of the materials used upon these several jobs were purchased from the plaintiff company. The company kept a regular set of books, and all materials furnished to defendant Grant, irrespective of where deliveries were made, or upon what jobs, were charged in this account, and all payments made by him were credited therein to the general account at the time of payment. Monthly balances were struck, and monthly statements of account were rendered to the defendant Grant, in which payments made during the current month were credited to the general account.

The last material was furnished on alley 45 on the 17th day of October, 1901, and all materials furnished on this job were charged upon the books of the plaintiff company in Grant's general account. At that time Grant owed the C. H. Little Company upon general account, including all materials furnished on alley 45, the sum of $1,629.62, and after that time and up to the 1st day of February, 1902, paid to the C. H. Little Company upon general account the sum of $1,800. During the same period the plaintiff company continued to furnish materials to the defendant Grant upon his other contracts, which were charged to the general account.

It appears that when the accounts were rendered to Mr. Grant no objection to the accounts rendered were made by him. On the 24th of June, 1903, C. H. Little & Co. notified defendant Grant that they would apportion the payments made from time to time and credited to him on account of certain specific items, leaving the account here

in question unpaid, and brought this suit to enforce payment. The circuit judge directed a verdict in favor of the plaintiff, and defendant brings error.

The sole question for consideration is whether the creditor, C. H. Little & Co., had the right in June, 1903, to make the application of the payments previously made which was attempted. The rule of the common law as to application of payments is in most points clearly settled. It is, of course, clear that the debtor may, at the time of making payment, make his election as to the application. It is equally clear that the creditor may, in the absence of an application by the debtor, make such application as he chooses. Under the civil law this application must have been made at the time of the payment, but under the common law it is now settled that this is not necessary; some cases holding that the application must be made within a reasonable time, but the clear weight of authority is to the effect that it may be made at any time before suit. *Mayor, etc., of Alexandria* v. *Patten,* 4 Cranch (U. S.), 317 (1 Am. Lead. Cas. 268, and note).

There remains the question as to the effect of entering the credit for payments in a general account and rendering a statement to the debtor showing such application. It seems that the mere entry of a credit to a particular account is not a conclusive application of the payment in the absence of notice to the debtor. *Simson* v. *Ingham,* 2 Barn. & C. 65. But when such credit is made, and an account rendered to the debtor showing such application, it is too late to make a new election. So it is held in numerous cases that, where a credit is entered to a general account, and an account thereof rendered to the debtor, this is an election to apply the payment to the extinguishment of items antecedently due in the order of time in which they stand in the account.

The leading case to this point is *Clayton's,* decided by Sir William Grant as Master of the Rolls, and reported in 1 Merivale, 604. The case was followed and fully approved by Judge Story in *Postmaster General* v. *Fur-*

*ber*, 4 Mason (U. S.), 335, and again by the same learned jurist in *United States* v. *Wardwell*, 5 Mason (U. S.), 82. In the case last cited Judge Story states that the doctrine of *Clayton's Case* "stands upon irresistible reasoning." The doctrine of these cases was approved in *Chapman* v. *Commonwealth*, 25 Grat. (Va.) 742, in an opinion notable for the learning displayed. See, also, *Grasser & Brand Brewing Co.* v. *Rogers*, 112 Mich. 112.

The counsel for plaintiff contends that the holding of this court in *People, for Use of Holmes,* v. *Sheehan,* 118 Mich. 539, makes for a different rule. Counsel has certainly misapprehended the ruling in that case. An examination of the record discloses that the trial judge held that "the payments should be applied to the charges in their order of time." This court said:

"Counsel for defendants also alleges error upon the application of payments, but cites no authority which prevents the application of payments by the parties to the contract under the usual rule, or, if they fail to specify how all payments should be applied, justifies any other rule than that followed by the learned circuit judge."

In so far as the holding of this case is in point, it supports the defendants' position in the present case.

We think that, after crediting the payment made in the manner stated, and notifying the debtor of such credit, it was too late to attempt another application.

The judgment is reversed, and a new trial ordered.

MOORE, C. J., and CARPENTER, GRANT, and HOOKER, JJ., concurred.