VAN SCEIVER *v.* KING.

1. WITNESSES—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEDENT—ESTATES OF DECEDENTS.
    Testimony of defendant, in a foreclosure suit, relating to matters equally within the knowledge of decedent, mortgagee, was incompetent and could not be considered without violating the provisions of 3 Comp. Laws, § 10212 (5 How. Stat. [2d Ed.] § 12856), as amended.

2. EVIDENCE—BURDEN OF PROOF—PAYMENT—APPLICATION.
    It is incumbent upon the creditor to whom payments have been made to show by a preponderance of the evidence what application was made of the amounts received.

3. PAYMENT—ELECTION TO APPLY—EQUITY.
    The debtor may elect which of two or more debts shall be
        credited with a payment: the creditor has the right to
        elect if he does not; and if the amount received is not
        applied by either party, equity may make such appli-
        cation as may be fair between the parties.

Appeal from Lapeer; Smith, J. Submitted Novem-
ber 19, 1912. (Docket No. 121.) Decided September
30, 1913.

Bill by Nellie F. Van Sceiver against Robert King
to foreclose a mortgage. From a decree for complain-
ant, awarding less than the relief claimed, she ap-
peals. Affirmed.

*John Loughnane,* for complainant.
*Geer, Williams & Halpin,* for defendant.

BIRD, J. This proceeding was begun to foreclose a
real estate mortgage given by Mary Gordon in Octo-
ber, 1887, to James H. Gray, who is now deceased.
Complainant is the daughter of James H. Gray, and
succeeded him in the ownership of the mortgage. The
defendant King is a subsequent purchaser of the
premises. The only question raised by the defendant
is whether the amount claimed to be due on the mort-
gage should be reduced by a payment of $150 made
by him in November, 1905. It appears that defendant
King had been engaged in business for several years,
and from time to time had borrowed money from Mr.
Gray to meet his business necessities. In November,
1905, when one Lynch came to King to make a pay-
ment on a land contract which he had executed with
him, King explained to him that he had placed it with
Mr. Gray as collateral security for certain loans he
had made of him, and directed Mr. Lynch to pay the
amount direct to Mr. Gray, at the same time giving

him a receipt for Mr. Gray to sign, which was as follows:

"Received of Michael Lynch, to apply on contract, or R. King's notes held by me as collateral, $150.00.
"JAMES H. GRAY.
"November 11, 1905."

It is conceded by complainant that the money was paid by Lynch to her father, but she contends that it was afterwards applied on King's indebtedness, but is unable to point out upon what particular loan it was applied. The defendant contends that the payment has never been applied to any of his loans, and as the unsecured loans have all been paid, and as this is the oldest secured obligation that is outstanding, in justice and equity, it ought to be applied thereon.

Defendant King was permitted, over the objection of counsel, to testify as to matters which were equally within the knowledge of the deceased. His testimony cannot be considered in determining the issue, as it was clearly incompetent under the statute, and ought to have been excluded. 3 Comp. Laws, § 10212 (5 How. Stat. [2d Ed.] § 12856).

Passing over this testimony, and other testimony equally incompetent, we are of the opinion that there is enough in the record to warrant the finding that no application of the payment of the $150 was ever made on defendant's loans. It was asserted by the defendant that on November 17, 1905, he paid $150, which was to be applied on his loans. The complainant concedes this, but insists that it was so applied. While the burden of proof is undoubtedly upon defendant, as complainant insists, to show payment, which he asserts, we think the burden of proof is upon the complainant to show where it was applied.

The rule is familiar that a debtor may elect to which of two or more debts his payments shall apply. If he does not so elect, the creditor may elect. The com-

plainant is here contending, not that the payment was not made, but that it was made and applied. No proof is offered that King elected to have it applied upon any particular loan; therefore, if it were applied, it must have been done by the complainant, and the burden rests with her to show upon which loan it was applied. All of the written obligations in existence at the time of the payment in question were produced upon the hearing, and none of them bore an indorsement of that date, or later, corresponding in amount with the payment.

Complainant indulges in some speculation as to whether the payment may not have been divided and applied upon two loans. This solution of the matter is too uncertain, and does not fairly discharge the burden which rested upon her of showing the application of the payment. We must therefore conclude that the payment was made and never applied in reduction of any of defendant's loans. No application of the payment having been made by the defendant, and none established by the complainant, the court will apply it as justice and equity may require. *Youmans* v. *Heartt*, 34 Mich. 397. Inasmuch as the Gordon mortgage is the only remaining secured loan owing by defendant, it would seem to be equitable to apply it thereon.

The decree of the trial court will be affirmed, with. costs of this court to defendant.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.