## MAURO *v*. DAVIE.

1. PAYMENT—APPLICATION—DEBTOR AND CREDITOR.

   A debtor may direct the application of a payment before or at the time it is made, but if he does not do so, the creditor may apply it as he pleases, either at the time it is made or afterwards, if before any controversy arises concerning it.[1]

2. SAME—WHEN PAYMENT WILL BE APPLIED IN ORDER OF TIME DEBITS OCCUR.

   In the absence of direction of the application of a payment on the part of the debtor or application by the creditor, if the credit merely appears in the general account and there be no evidence of an understanding to the contrary, the credit will be applied to the debits in the order of time in which the debits occur.[2]

3. MORTGAGES—LIENS—PAYMENTS CREDITED ON GENERAL ACCOUNT APPLIED IN ORDER OF TIME DEBITS OCCUR.

   Where a debtor executed a mortgage to secure an existing indebtedness, and subsequent payments, which were made without direction as to application, were credited on the general account and were sufficient to extinguish the se-

[1]Payments, 30 Cyc. p. 1228, 1230, 1233; [2]Id., 30 Cyc. p. 1243, 1244, 1246; 21 R. C. L. 88; 3 R. C. L. Supp. 1134; 4 R. C. L. Supp. 1404; 5 R. C. L. Supp. 1143.

cured debt, the creditor is not entitled to a lien on the premises by reason of said security, although there is a balance due on the general account, since his action in so crediting the payments must be treated as an application to the debits in the order of time in which they occurred.[3]

Appeal from Wayne; Richter (Theodore J.), J. Submitted June 30, 1926. (Docket No. 143.) Decided October 4, 1926.

Bill by Antonio Mauro, doing business as the Liberty Tile & Mosaic Company, against Myrten W. Davie, Benjamin H. Jackson, John E. Young, Jr., and others to foreclose a mechanic's lien. From a decree for plaintiff, defendant Jackson appeals. Affirmed.

*John P. Colden* (*Wilkinson, Lowther, Wilkinson & O'Connell,* of counsel), for defendants Young.

*Horace G. Williams,* for appellant.

SHARPE, J. On May 9, 1922, John E. Young, Jr., and Ruie J. Young, his wife, deeded a lot which they owned in Detroit to the defendant Leach, and at the same time Leach entered into a contract to sell the lot to them for the sum of $15,750, of which sum $4,000 was acknowledged to be paid. Leach also executed a contract wherein he agreed to build on the lot a two-family flat, costing $11,750. On the day Leach received this deed, he conveyed the lot to the defendant Davie, who assumed the vendor's obligation under the land contract and also Leach's obligation under the building contract.

On July 29, 1922, Davie mortgaged the premises to the defendant Society for Savings for $7,000. On August 7, 1922, he executed a second mortgage on the premises to the defendants Niles and Peters for $3,000. On June 14, 1922, he executed a quitclaim deed of the premises to the defendant Jackson. In it appeared:

[3]Payments, 30 Cyc. p. 1247.

"This conveyance is made for security only, to-wit: The payment of the account of Davie & Schrot, to B. H. Jackson."

It was recorded as a mortgage on August 18, 1922.

The plaintiff and the other defendants furnished materials which were used in the building, and on April 11, 1923, the plaintiff began this suit to foreclose his lien and all of the defendants were made parties thereto. The court adjusted the lien and mortgage claims in a manner of which no complaint is made except that of defendant Jackson, which was disallowed. He appeals from the decree entered.

The ledger sheets of Jackson's account with Davie appeared in the record. At the time the deed was given (June 14, 1922) Davie was indebted to Jackson in a sum in excess of $5,000. Much material was furnished thereafter and many payments made on the account. The balance due on February 7, 1923, was $3,852.31. For this amount Jackson claims a lien under his deed. We are impressed that he is entitled thereto unless it be found that the debt secured by the deed was extinguished by the payments thereafter made. These payments exceeded the amount of this indebtedness.

Jackson made no change in the manner in which the account with Davie was kept after the deed was given. It ran as an open account with debits and credits until February 7, 1923. Davie gave no direction as to how the credits should be applied. Neither did Jackson apply them to any particular items of the indebtedness. Statements were presented to Davie from time to time showing the dates when the credits were given. No claim of right to apply such payment on the unsecured indebtedness was made until the trial of the cause.

The law relating to the application of payments is well settled in this State. The debtor may direct the application before or at the time the payment is

made.   If he does not, the creditor may apply it as he pleases, either at the time the payment is made or afterwards, if before any controversy arises concerning it.   In the absence of direction on the part of the debtor or application by the creditor, if the credit merely appears in the general account and there be no evidence of an understanding to the contrary, the credit will be applied to the debits in the order of time in which the debits occur.

In *People, for use of C. H. Little Co.*, v. *Grant*, 139 Mich. 26, 28, it was said:

"There remains the question as to the effect of entering the credit for payments in a general account and rendering a statement to the ·debtor showing such application.    It seems that the mere entry of a credit to a particular account is not a conclusive application of the payment in the absence of notice to the debtor. *Simson* v. *Ingham*, 2 Barn. & C. 65.   But when such credit is made, and an account rendered to the debtor showing such application, it is too late to make a new election.   So it is held in numerous cases that, where a credit is entered to a general account, and an account thereof rendered to the debtor, this is an election to apply  the  payment to  the extinguishment of items antecedently due in the order of time in which they stand in the account."

In that case and in *Grasser & Brand Brewing Co.* v. *Rogers*, 112 Mich. 112 (67 Am. St. Rep. 389), and in *R. L. Polk Printing Co.* v. *Smedley*, 155 Mich. 249 (in which the same rule was applied), secured claims were involved.

In *Van Sceiver* v. *King*, 176 Mich. 605, 608, it was said:

"No application of the payment having been made by the defendant, and none established by the complainant, the court will apply it as justice and equity may require."

But in that case it appeared from the receipt given for the payment that the creditor might apply it in

either of two ways as he might elect. The entry of the credits in the general account and the rendition of statements containing them, we think, must be treated as an application to the debits in the order of time in which the debits occur. It follows that the indebtedness to Jackson which the deed was given to secure was paid at the time his claim was presented to the court.

The decree is affirmed, with costs to appellee.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.