PEOPLE, *for use of* A. HARVEY'S SONS MANF'G CO., *v.* ROSEWARNE.

1. PAYMENT—APPLICATION IN ABSENCE OF DIRECTIONS.
    In the absence of any directions as to the application of a payment to a materialman, he has a right to apply it on any contracts on which there was an indebtedness antecedently due.

2. SAME—STATUTORY BOND—MATERIALMEN—PUBLIC IMPROVEMENTS.
    In an action by a materialman against the general contractors for the construction of a schoolhouse and their surety on the statutory bond, defendants' contention that a $4,000 payment made to plaintiff by a subcontractor without direction as to its application, which was applied on indebtedness antecedently due on other contracts, should have been applied on the school contract, is without merit, where the undisputed testimony shows that, at the time of the payment, less than $100 worth of material had been furnished for the school contract.

Error to Wayne; Covert (Frank L.), J., presiding. Submitted January 22, 1929. (Docket No. 118, Calendar No. 34,144.) Decided March 29, 1929.

Assumpsit by the people for the use and benefit of A. Harvey's Sons Manufacturing Company, a

domestic corporation, against William H. Rosewarne and others and the Southern Surety Company, a foreign corporation, on statutory bond. From judgment for plaintiff, defendants bring error. Affirmed.

*Mark L. Rowley,* for plaintiff.

*John G. Dunn* and *Robert J. Hanley* (*Frank W. Atkinson,* of counsel), for defendants.

McDONALD, J. The plaintiff furnished material which was used in the construction of a public school building in the city of Detroit, Michigan. Rosewarne, McNab and Worswick were the general contractors. They furnished the statutory bond for the protection of labor and materialmen with the Southern Surety Company of DesMoines, Iowa, as surety. The plaintiff claims that it was not paid for the material which it sold and delivered to Irvine & Meier, Inc., subcontractors, and to recover therefor brought this suit against the general contractors and their surety. On the trial, the plaintiff recovered a verdict and judgment for the full amount of its claim. The defendants have brought error.

It is conceded that the material furnished by the plaintiff was delivered to the subcontractor and used in the construction of the public school building, and that the price charged therefor was in accordance with the contract. The only question is whether it was paid for.

The plaintiff had various contracts to furnish material to Irvine & Meier, Inc., which as subcontractor had engaged to do the plumbing, heating, and ventilating work on several public school buildings in the city of Detroit. The material sued for in this case was furnished for use in the construction of the

Noble school. The first of the material was furnished on July 21, 1923, and the last on August 15, 1924. During the period from January 23d to December 20, 1923, various payments amounting to $13,351.15 were made to the plaintiff, all of which were applied on other contracts than that for the furnishing of material for the Noble school. The last of these payments was one of $4,000 made on December 20, 1923. The defendants insist that this payment should have been applied on the Noble school contract, and that if it had been so applied the plaintiff would have been paid in full for the amount in suit. In view of the undisputed testimony, the defendants' contention hardly merits discussion. It is undisputed that when the $4,000 payment was made the debtor gave no directions as to its application. He could not have asked that it be applied on the Noble school contract, for, at that time, December 20, 1923, the plaintiff had furnished material on that contract amounting to but $92.73. But if there had been any considerable amount due on the Noble school contract at that time, in the absence of any directions as to the application of the payment, the plaintiff had a right to apply it on any of the other contracts on which there was an indebtedness antecedently due. *C. H. Little Co.* v. *Grant,* 139 Mich. 26.

The defense of payment is wholly without merit. The undisputed evidence shows that the plaintiff furnished materials which have not been paid for. By virtue of their bond, the defendants are liable therefor.

The judgment is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.