## WANNER v. SNIDER.

1. SALES—FURNACES—RECOVERY OF PURCHASE PRICE.
   In action to recover balance due for furnace and other items of account, wherein it appeared defendant had used the furnace for eight years, trial court's refusal to allow recovery for any part of purchase price of furnace was error.

2. PAYMENT—ORDER OF TIME ITEMS OCCURRED.
   When neither party designates the application of payments, they apply to the debit items in the order of time in which such items occurred.

3. SAME—RECOUPMENT—APPLICATION OF PAYMENT ON OLDEST ITEMS.
   In action for balance due on an account for furnace, subsequently installed plumbing, and for yet other later items, where neither the debtor nor the creditor made any specific application of

payments, they apply first to the oldest items, and where so applied are more than sufficient to cover the costs of the furnace, plaintiff is considered as a matter of law to have accepted, used, and paid for it, hence not entitled to recoupment for alleged defects.

4. APPEAL AND ERROR—RECORD—REMAND.

In case involving collection of balance due on an account consisting of several items, where holding of trial court as to one item is reversed and record on appeal is such that Supreme Court is unable to ascertain how circuit judge disposed of other items, new trial is ordered in a manner not inconsistent with opinion rendered.

Appeal from Huron; Boomhower (Xenophon A.), J. Submitted June 15, 1938. (Docket No. 52, Calendar No. 40,077.) Decided June 22, 1939.

Assumpsit by Erwin Wanner and David Matthews, copartners doing business as Wanner & Matthews, against Norman Snider for labor and materials. Set-off and recoupment by defendant. Judgment for defendant. Plaintiffs appeal. Reversed and new trial given.

*Herbert W. Smith,* for plaintiffs.

NORTH, J. This is a suit in assumpsit tried by the circuit court without a jury. Plaintiffs in July, 1929, contracted for the sale and installation in defendant's home of a furnace at a price of $375, to be paid by January 1, 1930. Thereafter plaintiffs contracted to do plumbing for defendant at a price of about $350. Still later, other items of account were added, including a roofing job done by plaintiffs for defendant in May, 1930. Defendant made the following payments on account: September 4, 1929, $100; February 11, 1930, $300; May 28, 1930, $100; and December 4, 1931, $25. Plaintiffs in this suit

claim a balance due them on account of $454.25. Defendant disputes some of the later items charged, and claims recoupment and set-off in consequence of which he asks judgment in his favor. A judgment of no cause of action was rendered and plaintiffs have appealed.

The principal controversy arises from defendant's alleged right of recoupment based upon his claim that the furnace did not heat his residence according to specifications. The circuit judge found "that the heating plant does not comply with the contract." Without in any way fixing the amount of this item of recoupment or indicating his disposition of other controverted items, the trial judge said:

"It is the opinion of the court in this case that the plaintiffs at this time are not entitled to recover *the amount claimed for the furnace* because said furnace will not properly heat the house, especially when fired according to directions furnished by the manufacturer. The court finds that plaintiffs have been fully paid with the exception of the amount claimed for the furnace."

On the above finding the judgment of no cause for action was entered. Among other reasons assigned in support of plaintiffs' appeal are:

"The court erred in his findings of fact that the plaintiffs have been fully paid with the exception of the amount claimed for the furnace.

"The court erred in not finding as a fact that on May 28, 1930, that the defendant had paid on the furnace job and plumbing job the sum of $500 leaving a balance due of $294.25."

This suit was started in May, 1933. Defendant had then retained and used the heating plant four seasons. And he still had it and apparently was using it when the suit was decided by the trial court

in 1937.   Clearly it was error to hold that notwithstanding defendant had retained and used the heating plant for eight seasons, plaintiffs were not entitled to recover any portion of the contract price.

Further, as urged by appellants, the circuit judge was in error in his conclusion that the price of the furnace had not been paid.  The heating contract is the first item in the account.  When neither party designates the application of payments, they apply to the debit items in the order of time in which such items occurred.  *Mauro* v. *Davie*, 236 Mich. 309; and *People, for the use of C. H. Little Co.*, v. *Grant*, 139 Mich. 26.  Since neither the debtor nor the creditor has made any specific application of payments in the instant case (except as they appear on appellants' account), they apply first to the oldest items.  The payments made and thus applied are more than sufficient to cover the costs of the furnace.  Hence it must be held as a matter of law that defendant has accepted, used, and paid for the furnace; and this item of recoupment must be disallowed.

This record on appeal is such that we have no way of knowing how the circuit judge disposed of the other controverted items.  The only disposition we can make of the case is to order a new trial in a manner not inconsistent herewith.  It is so ordered with costs of this court to appellants.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.