PEOPLE, *for use and benefit of* MICHIGAN ELECTRIC SUPPLY COMPANY, *v.* VANDENBURG ELECTRIC COMPANY.

1. PAYMENT—SECURED AND UNSECURED DEBTS—APPLICATION OF PAYMENTS.
   Creditor of debtor which owed both secured and unsecured debts properly applied payments to unsecured debts in the absence of debtor's directions to do otherwise.

2. SAME—DISPARITY BETWEEN CREDITOR'S LEDGER SHEETS AND STATEMENTS—APPLICATION OF PAYMENTS—GREAT WEIGHT OF EVIDENCE.
   Fact that there was a disparity between plaintiff creditor's ledger

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4] 40 Am Jur, Payment §§ 117, 126.
[1, 4] Application of payments made without specific appropriation, as between secured and unsecured items. 97 ALR 345.
[2] 40 Am Jur, Payment § 127.
[5, 6] 40 Am Jur, Payment §§ 143–150, 298.

sheets showing application of debtor's payments to unsecured debts and statements rendered to debtor which showed no application of payments to specific charges presented, at most, a question for jury as to application of payments and its finding for plaintiff was not against the great weight of the evidence.

3. SAME—APPLICATION OF PAYMENTS TO UNSECURED DEBTS—EVIDENCE.

The rendition of statements by creditor to debtor who owed both secured and unsecured debts and which statements failed to show application of payments to unsecured debts did not preclude plaintiff from presenting its own ledger sheets wherein application of payments was shown nor was the surety on the secured debts prejudiced by the rendition of such statements.

4. SAME — APPLICATION OF PAYMENTS — LACK OF DIRECTION BY DEBTOR.

A creditor may apply payments to debits as he pleases in the absence of contrary directions by the debtor, irrespective of the order in time when the charges were made.

5. SAME—SECURED DEBTS—APPLICATION OF PAYMENTS—PREJUDICE TO SURETY.

The surety on a secured debt was not prejudiced by the creditor's error in first notice as to amount due, where within the time when notice had to be served the error was detected and notice of the true amount due given surety and court permitted evidence of the later notice to be presented to the jury (CL 1948, § 570.101 *et seq.*).

6. SAME—APPLICATION OF PAYMENTS—QUESTION FOR JURY—PRINCIPAL AND SURETY—LIABILITY ON 2 BONDS.

It was not error for trial court to permit jury to consider case presented by plaintiff creditor against defendant debtor and its surety under 2 different bonds for 2 different public school construction jobs where the deliveries for both jobs were commingled and no effort made to keep them or the records separate and the surety does not say that, as a result, its liability on either of its bonds might be exceeded (CL 1948, § 570.101 *et seq.*).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 10, 1955. (Docket No. 55, Calendar No. 46,542.) Decided October 3, 1955.

Action brought on labor and material bonds in the name of the People of the State of Michigan for the use and benefit of Michigan Electric Supply Company, a Michigan corporation, against Vandenburg Electric Company and Michigan Surety Company, both Michigan corporations, for money due for fixtures and supplies furnished on school building contracts. Verdict and judgment for plaintiff. Defendant surety company appeals. Affirmed.

*John Brattin,* for plaintiff.

*Jennings, Fraser, Parsons & Trebilcock,* for defendant Michigan Surety Company.

DETHMERS, J.   This action is brought against Vandenburg Electric Company, principal, and Michigan Surety Company, surety, upon 2 statutory labor and material bonds given under CL 1948, § 570.101 *et seq.* (Stat Ann 1953 Rev § 26.321 *et seq.*), in connection with 2 contracts between principal and the Union School District of the city of Jackson, under which principal agreed to furnish and install electrical equipment and supplies in 4 schools of the district. Plaintiff furnished equipment and supplies to principal for those and other jobs.

Plaintiff kept in its ledger a single running account with principal, disclosing an indebtedness already due plaintiff at the time the mentioned contracts and bonds were executed. Plaintiff thereafter entered in that account all charges made for materials shipped to principal not only for the school jobs but also for several other jobs not secured by bond. All payments received from principal were credited thereto. Certain payments on the account were, at the direction of principal, applied against specific charges for the school jobs. Most payments on the account were made without directions by principal

as to how they were to be applied. Plaintiff's president testified that he credited such payments to the oldest unsecured charges, indicating such application by key letters used in plaintiff's ledger to show to which charges the payments were being applied. Plaintiff submitted monthly statements to principal showing debits for supplies furnished and credits for payments, all as on a running account. These statements were duplicates of plaintiff's ledger sheets, made on its posting machine, but did not contain on them the key letters entered by hand on the ledger sheets showing to which debits the payments had been applied.

If plaintiff had the legal right, in the absence of directions from principal, to apply payments against the oldest unsecured claims and did so, then surety is liable in the amount for which the jury returned a verdict against it. Surety appeals therefrom contending, *inter alia,* that payments should be considered to have been applied against debits, regardless of whether secured or unsecured, in the order in which the charges were made, with the result that the claims secured by surety's bonds would have been paid.

In support of its contention surety cites *Van Sceiver* v. *King,* 176 Mich 605; *Mauro* v. *Davie,* 236 Mich 309; *Pinconning State Bank* v. *Henry,* 258 Mich 44; *Jarecki Manufacturing Co.* v. *Ragir,* 272 Mich 689. The holding of these cases is that a debtor may direct application of a payment before or at the time it is made, but, if he does not do so, the creditor may apply it as he pleases either at the time of payment or afterwards, if before controversy arises concerning it; and in the absence of such action by either debtor or creditor, if the credit merely appears in the general account and there is no evidence of any understanding to the contrary, the credit will be considered as applied to debits in the order of time in

which the debits occurred; and the burden is on the creditor to show by a preponderance of the evidence what application, if any, he made of the amount received. In the case at bar plaintiff's president testified that, except in the case of other directions from principal, he had applied payments to unsecured debits and that this was indicated by key letters on the ledger sheets. This he was permitted to do under the cited cases. Surety points out, however, that the monthly statements submitted to principal did not disclose such application and insists that, accordingly, plaintiff must be held to have applied credits to the account generally as indicated by the statements and that, hence, under the holdings of the above cases, the credits must be held to apply to debits in the order of time in which the latter were made. For this proposition surety cites *People, for the Use of C. H. Little Co., v. Grant,* 139 Mich 26; *McMullen Machinery Co.* v. *Grand Rapids Trust Co.,* 239 Mich 295 (55 ALR 1157); and also the *Jarecki* and *Pinconning Bank Cases.* The holding in the *Grant* and *McMullen Company Cases* is that mere entry of credits on a general account without evidence therein of application to specific charges and the rendering to debtor of statements of the same tenor constitutes an election by creditor to apply payments to the extinguishment of items antecedently due in the order in which they stand in the account and, further, that the creditor, once he has so elected and notified the debtor by statements rendered, cannot afterwards make a different application. In the *Jarecki* and the *Pinconning Bank Cases* there was no evidence of the creditors' application of payments at any time to specific charges, but only to the account generally. Although the statements rendered to principal in the instant case showed no application of payments to specific charges, the case is distinguishable from those just considered in that there are

proofs in the shape of testimony and ledger sheets that plaintiff did apply payments to specific debits. The disparity between the statements and the ledger sheets gave rise, at most, to a question of fact whether application was made as plaintiff claims. That question was resolved in plaintiff's favor by the jury and we cannot say that the finding is against the great weight of the evidence. The cases cited by surety do not hold, nor do we find any that do, that under such circumstances the creditor must be held to be bound by his statements to the debtor and to have made an election to apply payments to the account generally despite affirmative proofs of application thereof to specific debits. In the absence of a showing of prejudice to surety occasioned by failure of the statements rendered to principal to disclose the specific applications, we think it should not be held that the statements were of such binding character on the creditor. No showing of such prejudice was made in this case.

Surety also urges that *Gard* v. *Stevens,* 12 Mich 292 (86 Am Dec 52); *Grasser & Brand Brewing Co.* v. *Rogers,* 112 Mich 112 (67 Am St Rep 389); and *R. L. Polk Printing Co.* v. *Smedley,* 155 Mich 249, are authority for the proposition that, in the absence of contrary directions from debtor, the creditor is required to apply payments first to secured and then to unsecured claims. The noted cases do not so hold. It happened in *Gard* and in *Grasser* that the secured claims in question were the first debit items appearing in the accounts and that application of the rule that, in the absence of contrary action by either debtor or creditor, payments must be deemed to be applied against debits in the order that the latter were made, resulted in the secured claims being paid. It was the application of that same rule that resulted in payment of the secured claim in *Polk.* In none of the 3 cases, nor in any other that we have discovered

has this Court said or held that application of payments should be made on the basis of preference for secured claims solely because they are secured. On the contrary, the rule to be applied, as above indicated, is that, in the absence of directions from the debtor, the creditor may apply payments to debits as he pleases. In *Wood* v. *Callaghan,* 61 Mich 402 (1 Am St Rep 597), it was held that the creditor therein, having secured and unsecured debts of the same debtor, might, in the absence of contrary directions by the debtor, apply payment first upon the unsecured debts. See, also, *Pinconning State Bank* v. *Henry, supra.*

Surety contends that plaintiff is limited in recovery to the amount it inaccurately stated to be due in the notice it served, as provided in CL 1948, § 570.-102 (Stat Ann 1953 Rev § 26.322), on the school district. The court did not err in permitting plaintiff to show that within the 60-day period after furnishing the last materials to principal for the school jobs it informed surety of the error in the notice and of the true amount due. Having such information within that period, it is clear that surety was in nowise prejudiced by the error in the notice. The court did not err in permitting the jury to determine whether surety actually was informed of the true amount of the account within the 60-day period and, if it so found, to hold for plaintiff in that amount. *People, for the use of Wheeling Corrugating Co.,* v. *W. L. Thon Co.,* 307 Mich 273, cited by surety, is authority in this connection for nothing more than that, where no statutory notice is given, the surety need not show prejudice or damage by reason of such failure in order to raise it as a defense. It does not hold that inaccuracies in the notice as to amount due may not be corrected within the 60-day period.

Surety complains that plaintiff failed to establish which debits in the account related to materials

furnished for the school jobs covered by the first contract and bond and which for the ones covered by the second contract and bond. It appears that deliveries for jobs under both were commingled and that no effort was made to keep them or the records at all separate. Surety does not say that, as a result, its liability on either of its bonds might be exceeded. It is equally liable on both bonds. There is no showing of prejudice occasioned by lumping all the debits for the jobs covered by the 2 contracts and bonds into 1 account and holding surety liable therefor under the 2 bonds. It follows that the trial court did not err in permitting the case to go to the jury in that fashion.

Judgment affirmed, with costs to plaintiff.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.