ABNER A. WOLF, INC. v. WALCH

1. ACCOUNT STATED—DEFINITION.

An account stated is a written statement by a creditor to a debtor setting forth the moneys owing to the creditor which statement the debtor accepts as correct either by payments thereon without demur or by his failure within a reasonable time to question the state of that account as presented.

2. ACCOUNT STATED—UNSECURED ACCOUNTS—SECURED ACCOUNTS— TRANSFERS—PAYMENTS—OBJECTIONS.

An account stated was created between plaintiff wholesale grocery distributor and defendant retailer when plaintiff transferred

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Accounts and Accounting § 21.
[2] 1 Am Jur 2d, Accounts and Accounting § 30.
[3, 4, 5] 40 Am Jur, Payment § 126.
[6] 5 Am Jur 2d, Appeal and Error §§ 841–845.
[7] 58 Am Jur, Witnesses § 618.

balances from defendant's unsecured account to his secured account and defendant made payments thereon without objection.

3. ACCOUNT—PAYMENTS—APPLICATION OF PAYMENTS—CREDITOR'S RIGHT.

A creditor may apply payments as he pleases to either secured or unsecured accounts in the absence of directions from his debtor.

4. ACCOUNT STATED—PAYMENTS—APPLICATION—CREDITOR'S RIGHT—ABSENCE OF DEBTOR'S DIRECTIONS.

Plaintiff wholesale distributor was free to apply defendant's weekly remittances to the unsecured portion of defendant's account in the absence of any directions by defendant that such remittances were to be applied only against the account secured by a real estate mortgage.

5. ACCOUNT STATED — PAYMENTS — APPLICATION — UNSECURED ACCOUNT — SECURED ACCOUNT — MORTGAGES — DISCHARGE.

Real estate mortgage securing grocery account was not discharged where plaintiff applied defendant's weekly remittances to defendant's unsecured balances which plaintiff had transferred, without defendant's objections, to the secured account, where defendant at no time directed that the remittances were to be applied only against the real estate mortgage.

6. APPEAL AND ERROR—EVIDENCE—REVIEW—OPPOSITE APPELLATE CONCLUSION—REVERSAL.

A finding that a real estate mortgage had been discharged warranted a reversal where the Court of Appeals, after reviewing the evidence, concluded that it would have reached an opposite conclusion had it heard the testimony.

7. WITNESSES—CROSS-EXAMINATION—STATUTES.

Defendant had a right to cross-examine his own accountant after that accountant had been called as a witness of the opposite party under the statute and cross-examined by plaintiff (MCLA § 600.2161).

Appeal from Mecosta, Harold Van Domelen, J. Submitted Division 3 November 5, 1969, at Grand Rapids. (Docket No. 6,138.) Decided February 4, 1970. Rehearing denied April 9, 1970. Leave to appeal granted June 25, 1970. 383 Mich 798.

Complaint by Abner A. Wolf, Inc., a Michigan corporation, against Desmer G. Walch and Leona R. Walch for foreclosure on real estate and chattel mortgages. Counterclaim for damages for misrepresentation, breach of contract and wrongful interference with business. Trial court adopted the jury's advisory verdict of no cause of action as to both parties. Plaintiff appeals. Judgment regarding counterclaim affirmed. Reversed and remanded for new trial on complaint.

*Schmidt, Smith & Howlett,* for plaintiff.

*Frederick D. McDonald,* for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

FITZGERALD, P. J. This appeal arises from an action by Abner A. Wolf, Inc., to foreclose a $25,000 real estate mortgage on property owned by the defendant, Desmer G. Walch, and his wife, both of them hereinafter referred to as defendant. By amended complaint, plaintiff also sought to foreclose a $10,000 chattel mortgage. The proceeds of both mortgage foreclosures were to be applied to an open account for groceries in the amount of $61,456.77. In his answer, defendant denied that plaintiff was entitled to the relief sought, alleging that the chattel mortgage had merged into the real estate mortgage which had been discharged. Defendant also counterclaimed for damages for misrepresentation, breach of contract and wrongful interference with business.

Defendant made demand for a jury trial, whereupon a motion to strike was filed. The motion to strike was granted as to the foreclosure proceedings, but denied as to the counterclaim. How-

ever, because of the common issue as to foreclosure and counterclaim, the entire case was tried to a jury which rendered a verdict of no cause of action as to both the claim and counterclaim, in effect leaving the parties in *pari causa*. The trial court adopted the jury's advisory verdict on the foreclosure proceeding pursuant to GCR 1963, 509.4, and judgment was entered on the two verdicts.

Abner A. Wolf, Inc., is a wholesale distributor of groceries and Desmer G. Walch is a retail grocer who once operated stores at three locations in the state of Michigan. Defendant became a regular customer of plaintiff in 1958. In consideration of merchandise advanced for purposes of stocking the Cadillac store in 1958, defendant executed the original $10,000 chattel mortgage. This mortgage was given to secure a certain "rule-off" account. The record indicates that Walch had made regular weekly payments on the account in the amount of $150. This account was only one of several which were maintained by Wolf in its dealings with defendant.

In December of 1958, defendant executed a note and real estate mortgage in the amount of $25,000, payable in weekly installments of $250. Under the terms of the new agreement, Walch was to receive an additional $15,000 in groceries and release of the chattel mortgage.

In February of 1960, plaintiff, without authorization, transferred $29,522.52 from Walch's Big Rapids account to the rule-off account. The following March, $4,352.16 was transferred from the Mecosta account to the rule-off account. Defendant refused to sign a note for the additional amounts, but continued weekly payments on the secured account until, in his estimation, the mortgage had been paid off. Walch then sought a release on the mortgage and

Wolf refused, stating that money was still owed on the account.

Several allegations of error are made, the most meritorious, and the one to which the Court will address itself, is whether the court erred in its finding that the real estate mortgage had been discharged. Defendant contends that regular payments were made on the rule-off account until the original balance was paid in full. He further contends that the rule-off account was the only one secured by the mortgage, that he never agreed to having new amounts transferred to it, and since he had paid the entire $25,000 owed on the secured account, he is entitled to a release of the mortgage. Plaintiff retorts that when new amounts were transferred to the secured account and payments applied thereto, no objection was raised by defendant and an account stated was created. Plaintiff further contends that the balance was not paid as alleged and that the real estate mortgage should be foreclosed.

An examination of the record indicates that although defendant did not verbally agree to the transfer of the Big Rapids and Mecosta accounts to the rule-off account, he did not object. There is unrefuted evidence that plaintiff submitted the rule-off account to defendant showing the unsecured amounts and no protest was lodged. Defendant continued to make weekly payments after the unsecured amounts had been transferred and at no time directed that these payments were to be applied only against the real estate mortgage.

In the case of *Larsen* v. *Stiller* (1955), 344 Mich 279, the Court stated:

"When an account is stated in writing by the creditor and accepted as correct by the debtor, either by payments thereon without demur or by failure with-

in a reasonable time to question the state of the account as presented, it becomes an account stated."

Hence, an examination of the case cited and its application to the facts in the instant case lead to the conclusion that when the unsecured balances were transferred to the rule-off account and payments were made thereon, an account stated was created between plaintiff and defendant. Furthermore, it appears to be a well-established principle of law that "in the absence of directions from the debtor, the creditor may apply payments to debits as he pleases." *People, for the use and benefit of Michigan Electric Supply Company,* v. *Vandenburg Electric Company* (1955), 343 Mich 87. Therefore, since defendant gave no instructions regarding application of the weekly remittances, plaintiff was free to apply them to the unsecured portion of the account.

The plaintiff has produced evidence which indicates that approximately $14,000 owed on the rule-off account is still secured by the real estate mortgage. This was the approximate balance of the secured account when Wolf elected to apply payments to the Big Rapids and Mecosta accounts. A complete review of the record indicates that the trial court erred in holding that the real estate mortgage had been discharged. While recognizing the weight ordinarily attached to the findings of the trial court, after reviewing the evidence, we must conclude that we would have reached the opposite conclusion had we heard the testimony as stated in *Kokx* v. *Buechele* (1967), 6 Mich App 538:

"In reviewing a chancery case *de novo* as we do, while heavy reliance is placed upon the findings of the trial court because of its superior opportunity to observe the witnesses, there comes the occasional case which upon a complete review of the record we can say that we would have reached the opposite con-

clusion, had we heard the testimony. *Schultz* v. *Mc-Carty* (1931), 253 Mich 445."

The result in the lower court regarding the counterclaim is supported by the record and is affirmed. Other issues raised on appeal need not be ruled on, save one. The court refused defendant's counsel the right to cross-examine defendant's accountant who was called for cross-examination by the plaintiff under the statute.* The court held that defendant's examination of his accountant was "direct examination." This is contrary to Michigan case law. *Johnson* v. *Union Carbide Co.* (1912), 169 Mich 651. On any retrial, cross-examination should be permitted.

Reversed and remanded for new trial.

All concurred.

---

* MCLA § 600.2161, Stat Ann 1962 Rev § 27A.2161.